## SAMUEL SHERMAN, EXECUTOR,

### v.

## D. E. SAYLOR.

*Administration—Distribution—Bond Required from Legatees.*

1. While a claim against an estate is pending for adjudication, it is improper to order money paid out to the legatees.

2. Whether such claim is *bona fide* can not be inquired into collaterally on petition of a legatee for distribution.

3. An order of distribution, directing the executor to pay out to each of the legatees an equal portion of the cash on hand, when there are standing in favor of some of the legatees notes against the estate, which the will provides shall be set off against the legacies to the holders thereof, is improper.

4. An order of distribution which requires an executor to pay legacies, before bond is given by the legatees to refund their proportion of any debt which may afterward appear against the estate, is erroneous.

5. Such bond is necessary, even where there are sufficient assets to satisfy all demands against the estate, as contemplated under Sec. 116, Chap. 3, R. S.

[Opinion filed May 28, 1890.]

APPEAL from the Circuit Court of McHenry County; the Hon. CHARLES KELLUM, Judge, presiding.

Messrs. C. P. BARNES, JOHN B. LYON and D. T. SMILEY, for appellant.

Messrs. JOSLYN & CASEY, for appellee.

LACEY, J.   The appellee, one of the legatees, filed in the
County Court his petition asking distribution of the estate,
less than five months after the granting of the letters of ad-
ministration, his petition seeking to compel the appellant, the
executor of the last will and testament of Wealthy Sherman,
deceased, to make distribution.   The petition shows the
appointment of executor of the estate on the 21st day of
September, 1888, and the filing of the inventory by the exec-
utor on the 17th day of November of the same year, in the
County Court, and published notice for claimants to appear
before the said court on the first Monday in December, 1888;
that no claims were presented against the said estate, and as
petitioner believed that no claims existed against the said
estate, that a large sum of money was in the hands of the
executor, which was not needed in any way for the payment
of debts, and could then be distributed in whole, or in part,
and prayed that the appellant might be cited to make report
of the estate, and make distribution in such way and manner
as the said court might direct, without injury to said estate,
which said petition was filed on the 10th day of February,
1889.   A citation was issued and appellant responded, and on
the 21st of February, 1889, filed his report, showing cash on
hand of $1,847.84, after deducting certain charges therein set
forth.   The report also showed that two suits, one against
Susan Hanley and one against George and Anna Thomas,
the first on a note for $1,000, and one on a note for $400, were
pending and undecided in the Circuit Court, and that appellant
had himself filed a claim against the estate for $1,500, which
he believed he was entitled to recover.   The County Court
dismissed the petition, from which the appellee took an ap-
peal to the Circuit Court, where, upon a hearing, that court
rendered the following order, to wit: That $500 be paid
out of the money on hand as reported to Clifford Sherman
being a specific legacy, and the balance of the said amount in
appellant's hands be distributed among the following heirs of
said estate, to wit:   To Elizabeth Wattles $269.44; to Susan

Hanley the same; to D. E. Saylor, appellee, Ella Smith and Alma Thomas, the only heirs at law of Melissa Saylor, deceased, the same amount; or to each of them the sum of $89.81; to Jeremiah Sherman $269.44, and to Samuel Sherman the same amount; to which order the appellant excepted and brings the case to this court by appeal.

Objection is made by the appellant that the case was not properly before the court below for the action taken, and that the petitioner did not show his interest. We are inclined to think, however, that appellant is wrong in that contention. The petition was in proper form to give the County and the Circuit Courts jurisdiction to make the proper orders, and the evidence showed appellee to be one of the legatees. But we think the appellant is right in some of his other assignments of error. Inasmuch as there was a claim in appellant's favor pending for adjudication and undetermined, it was improper to order the money paid out to the legatees until such claim was adjudicated.

It is insisted on the part of the appellee that the claim of appellant was not filed and prosecuted for honest purposes but in order to prevent an order of distribution, and that the claim had been defeated in the County and Circuit Courts, and, that the case had been appealed to the Appellate Court. This all might turn out to be true and it might not. It might turn out in the end that it was not a void claim against the estate, and if such were the case a great wrong would be done in paying the legatees ahead of the appellant's claim. As to the fact of the good faith of the claim and its justice we can only say that those questions could not be adjudicated or inquired into collaterally on the hearing of the case on the appellee's petition, and the court had no jurisdiction to pass on its merits.

It is urged by the appellee that the suits for the collection of the notes above alluded to had been determined and judgment rendered on both notes; and even if it were otherwise it could have no bearing, as the makers of the notes, Susan Hanley and George and Alma Thomas were each, under the will, entitled to a legacy large enough to pay their respective

notes, and that the will directed the executor to apply the legacies to the payment of the notes; and it is insisted that it was the duty of the executor to apply the legacies to the payment of the notes and avoid involving the estate in unnecessary litigation. But this application could not and ought not to be made until it was ascertained whether there would be any debts ; and then the order did not provide that such application might be made, but ordered the executor to pay to each of the legatees an equal portion out of the cash on hand, without reference to the uncollected notes against a portion of them. This order, besides being premature, was in express violation of the provisions of the will according to the statement of appellee in his brief as to its provisions. But even without such provisions of the will such order would have been erroneous in not properly protecting the rights of the estate against the legatees as respects its demands against them. The order made by the court is also in violation of the statute which provides that "Executors and administrators shall not be compelled to pay legatees or distributees till bond and security is given by such legatees or distributees, to refund the due proportion of any debt which may afterward appear against the estate and the costs attending the recovery thereof; such bond shall be made payable to such executor or administrator, and shall be for his indemnity and filed in court." Sec. 117, Chap. 3, Starr & C. Ill. Stats.

The appellee cites Section 116 of the same chapter, which reads as follows:

" Wherever it shall appear that there are sufficient assets to satisfy all demands against the estate, the court shall order the payment of all legacies mentioned in the will of the testator, these specific legacies being the first to be satisfied;" and insists that under it the order was authorized and regular. We do not so regard it. The two sections must be considered together ; while the legacies may be ordered paid as provided for in the last section above cited, the bond must be given as provided for in the first section cited.

The case of Reynolds v. The People, 55 Ill. 328, in no way

contravenes the above view which we have taken of the meaning of the law. In that case, while the court held the order for distribution might be made before the expiration of one year, yet the bond was given in that case, or tendered, so that the question of giving a repayment bond was not involved.

We think the court below erred in the particulars above named in making the order complained of, and that the order of dismissal of the County Court should have been affirmed. The order of the Circuit Court is therefore reversed and the cause remanded.

*Reversed and remanded.*