[No. 5439.   Decided May 2, 1905.]

OLD DOMINION MINING & CONCENTRATING COMPANY, *Appellant*, v. FLOYD L. DAGGETT, *Respondent*.[1]

CONTRACTS—CONSTRUCTION—PROVISION FOR PAYMENT OF NOTE. A stipulation in a promissory note to the effect that the payee is willing to accept monthly payments of $10 each, together with 7½ per cent of all premiums on policies written for the payee or for certain named parties, the same to be paid to the payee and applied on the note, does not impose upon the payee any obligation to write insurance on its property or on the property of the persons named, especially in the absence of the monthly payments of $10; and it is error to find that the note was discharged on its failure to take such insurance, especially where it was not shown that the monthly payments had been made, nor that the payee could have purchased insurance from the makers in sufficient amount to cause the agreed percentage to fully pay the note.

LIMITATION OF ACTIONS—TOLLING STATUTE—PAYMENT ON NOTE BY JOINT MAKER. The statute of limitations does not run in favor of a joint maker of a note who personally makes a payment thereon from his own funds, within the period, without the knowledge or consent of his co-makers.

Appeal from a judgment of the superior court for Spokane county, Belt, J., entered June 1, 1904, upon findings in favor of a defendant, after a trial on the merits before the court without a jury, dismissing an action upon a promissory note as to one of the joint makers.   Reversed.

*Cullen & Dudley,* for appellant.

*Alex M. Winston,* for respondent.

CROW, J.—This action was commenced by the Old Dominion Mining and Concentrating Company, a corporation, appellant, against P. A. Daggett & Company, a corporation, P. A. Daggett, Ella Daggett, Floyd L. Daggett,

[1]Reported in 80 Pac. 839.

and Christina Daggett, to recover a judgment upon a certain promissory note, in words and figures as follows:

"$375.00          Spokane, Washington, April 1st, 1896.

"On demand after date, without grace, we promise to pay to the order of the 'Old Dominion Mining & Concentrating Company' Three Hundred and Seventy-five ———— Dollars, in gold coin of the United States of America of the present standard value, with interest thereon in like gold coin at the rate of one per cent per month from date until paid, for value received. Interest to be paid monthly, and if not so paid, the whole sum of principal and interest to become immediately due and collectible, at the option of the holder of this note. And in case suit or action is in-. stituted to collect this note or any portion thereof, we promise and agree to pay, in addition to the costs and disbursements provided by statute, a reasonable amount of dollars, in like gold coin for attorney's fees in said suit or action.

"(1)   The said amount of dollars is $375, is for premiums on Fire Insurance Policies amounting to $12,500, issued by the Imperial Insurance Company of London for $7,500, the number of the Policy being 3,301,500, dated December 4th, 1895, and by the 'Phoenix Assurance Company' for $5,000, the number of the Policy being 4,097,-700, dated December 21, 1895, to the 'Old Dominion Mining & Concentrating Company' of Spokane, Washington, issued upon its Concentrator etc., situated at the 'Old Dominion' mine, Stevens county, Washington, the said premiums having been paid in full by the said 'Old Dominion Mining & Concentrating Co.' to P. A. Daggett & Co., as Agents for the authorized Agents of said Insurance Companies, but which said premiums were not delivered by the said P. A. Daggett & Co. to the said authorized Agents of said Insurance Companies as claimed by them, and in lieu of which, said Insurance Companies through their so-called authorized agents, have cancelled said policies, although it is claimed by the 'Old Dominion Mining & Concentrating Co.' to be done without legal right or authority.

"(2)   In order to give the said P. A. Daggett & Co.

and the said authorized agents and Insurance Companies
an opportunity to reimburse the said 'Old Dominion Min-
ing & Concentrating Co.' the named $375, and accruing
interest, the said 'Old Dominion Mining & Concentrating
Co.' is willing to accept payments monthly of $10, payable
upon the first day of each month, together with 7½ per
cent upon the premiums upon all policies issued to the 'Old
Dominion Mining & Concentrating Co.' to G. B. Dennis
upon his private property, to Cyrus Bradley upon his pri-
vate property, and to 'Dennis & Bradley' upon their joint
property, the said 7½ per cent to be deducted at the time
of payment of premiums by the assured, or at such times
as the said 'Old Dominion Mining & Concentrating Co.' or
the said named individuals and firm shall demand.

"(3)    And the said P. A. Daggett & Co. further agree
that said monthly payments and said 7½ percentages shall
be paid to the said 'Old Dominion Mining & Concentrating
Co.' upon all insurance policies, irrespective by what agent
or agents or insurance companies said insurance may be
obtained through, or in.

"(4)    And it is further agreed that William M. Byers
of Spokane, Wash., and by him, that he will act for the said
P. A. Daggett & Co. as agent, collect from them and pay to
the said 'Old Dominion Mining & Concentrating Co.' said
stipulated sums of money at such times as same becomes
due.

"(5)    Nothing in this note, and contract which is made
a part of this note, shall operate as a release of any legal
rights that the said 'Old Dominion Mining & Concentra-
ting Co.' may have in the premises, either as against the
said P. A. Daggett & Co., the Insurance Agents whom they
represented, or the insurance companies who cancelled the
above named policies in said transaction, until all and
every dollar of this note is paid.

"(6)    The said 'Old Dominion Mining & Concentra-
ting Co.' reserves the right at any time to proceed legally to
collect this note, or any balance due, and to enforce pay-
ment and collect from any resources in the possession of
said P. A. Daggett & Co., the authorized agents of said

named Insurance companies, or said above named insurance companies themselves.

"I accept the above:          P. A. Daggett & Co.
    "William M. Byers.          P. A. Daggett.
                              "Ella Daggett.
                              "Floyd L. Daggett.
                              "Christeena Daggett.

On the trial, and upon motion for a nonsuit, the action was dismissed as to P. A. Daggett, Ella Daggett, and Christina Daggett, under a plea that, as to them, the action was barred by the statute of limitations. Of this order, no complaint is made by appellant. Afterwards final judgment was entered in favor of appellant against the corporation defendant, P. A. Daggett & Company, for the amount due upon the note, attorney's fees, and costs; but, at the same time, the action was dismissed as to Floyd L. Daggett, and he was awarded costs against appellant. From the order of dismissal as to Floyd L. Daggett, this appeal has been taken.

Respondent has moved to dismiss the appeal, and also to strike appellant's brief. There is no merit in the motions, and they are denied.

Respondent, Floyd L. Daggett, filed a separate answer, in which he admitted the execution of the note, pleaded the statute of limitations, and, also, by way of further affirmative defense, in substance, alleged: That, at the time of the making of said promissory note, appellant agreed with respondent that, until said note should be paid, appellant would carry insurance upon its property to the extent of $25,000; that G. B. Dennis, president of appellant, and one Cyrus Bradley, his partner, and the firm of Dennis & Bradley would also carry insurance on their property in an amount ordinarily carried by prudent and careful business men; that said insurance should be carried through one William M. Byers; that seven and one-half

per cent of all premiums paid on all of said insurance should be paid by said Byers to appellant, and applied on account of the indebtedness evidenced by said note; that, if said insurance should be procured by appellant, or any of said parties, elsewhere, seven and one-half per cent of the premium should be applied on said note; that appellant in part kept said agreement, and payments, amounting in all to $4.27 and $65.08, were thus made on said note; but that, after March 1, 1897, appellant wholly refused and failed to keep said agreement; that, if appellant had kept the same, said percentage of such premiums would have fully paid said note; and that, by reason thereof, said note had been cancelled and fully satisfied. Appellant, in its reply, denied said affirmative defense, and the issue thus raised is the only one necessary to be considered on this appeal.

On the trial respondent, Floyd L. Daggett, offered evidence in support of the issue tendered by said affirmative answer. To the introduction of this evidence, appellant objected, for the reason that its purport was to vary, change, and add to the terms and provisions of the note or written agreement sued upon, which agreement was compete in itself, and that, under the settled rules of law, no evidence could be permitted to vary, add to, or alter its terms and conditions. Without ruling upon this objection, the court admitted the evidence, the trial being had without a jury. We do not think it necessary to now determine whether the objection of the appellant was well taken, as all the evidence offered was admitted and is before us, and, upon a careful examination of the same, we are unable to find that it sustains the defense pleaded in respondent's affirmative answer.

Upon the trial respondent requested the court to find that the contract pleaded by him had been made, while ap-

pellant requested a contrary finding. Neither request was granted, and no finding whatever appears to have been made on that issue. We feel warranted in assuming that the trial court did not consider the evidence as sufficient to sustain the allegations of the affirmative answer, and we regard it in the same light. The findings of fact and conclusions of law actually made by the court, which are pertinent here, are, in substance, as follows:

"Findings of Fact—  .  .  .  (2)   That the defendants, on April 1, 1896, executed and delivered to plaintiff the note above set forth. . . . (4) That said Byers, on April 1, 1896, accepted the obligation imposed on him by said writing.   (5)   That the following payments have been made upon the said obligation, to wit, on December 8th, 1896, $4.27; on March 1st, 1897, $65.08; on April 30, May 30, June 2nd, and Sept. 24th, 1897, $10 each; on April 28th, 1898, $10. (6) That the last payment made on April 28, 1898, was made by defendant P. A. Daggett & Co., a corporation, by Floyd L. Daggett, one of its officers, and was made without the knowledge, consent, or ratification of the defendants P. A. Daggett, Ella Daggett, or Christina Daggett, or any of them. . . . (9) That ever since the 1st day of March, A. D. 1897, plaintiff has wholly failed and refused to permit William M. Byers or P. A. Daggett & Co., to write insurance upon the property of plaintiff or the property of G. B. Dennis or the property of Dennis and Bradley or the property of Cyrus Bradley. (10) That ever since the execution of the said obligation, defendant P. A. Daggett & Co. and William M. Byers have been at all times ready, willing and able to write the insurance of the plaintiff, of G. B. Dennis, of Dennis & Bradley, and of Cyrus Bradley, and to apply 7½ per cent of the premium thereon toward the payment of the obligation sued upon therein.

"Conclusions of Law—  .  .  .  (3)   That under the terms of the said written obligation, plaintiff is entitled to take nothing against the defendant Floyd L. Daggett, and said defendant is entitled to the judgment against the plaintiff for his costs herein.   (4)   That plaintiff is en-

titled to the judgment against defendant P. A. Daggett &
Co., a corporation, for the amount of the said obligation,
together with the interest thereon at the rate of 12 per cent
per annum in the manner specified in said note, less the
payments made thereon but together with the sum of $60
as attorney's fees herein."

The judgment entered against P. A. Daggett & Company
was for $515.65, remaining due on said note, attorney's
fees, and costs.

It is now contended by appellant that said third con-
clusion of law does not follow from the findings of fact
made by the court; that said 9th and 10th findings them-
selves are not warranted by the evidence, and that judg-
ment having been entered against P. A. Daggett & Com-
pany, it should also have been entered against the respond-
ent, Floyd L. Daggett. On the other hand, respondent,
Floyd L. Daggett, contends that the judgment dismissing
the action as to him is sustained by said 9th and 10th
findings, and that the judgment against the corporation,
P. A. Daggett & Company alone, is warranted by the con-
ditions contained in the 5th and 6th subdivisions of the
note.

The right of appellant to recover herein against respond-
ent, Floyd L. Daggett, depends upon the construction to be
placed upon the conditions contained in the note. We do
not understand, by the terms of said instrument, that ap-
pellant was under any imperative obligation to write in-
surance upon its property, or upon the property of G. B.
Dennis, Cyrus Bradley, or Dennis & Bradley, with said
P. A. Daggett & Company or said William M. Byers. Said
instrument only stipulated that appellant was willing to
accept monthly payments of $10 each, *"together with"*
seven and one-half per cent of all premiums due on all
policies issued to appellant and the other parties men-

tioned; reference evidently being had to any policies that might be so issued at the instance or through the instrumentality of said P. A. Daggett & Company, or the said authorized agents of said insurance companies, or by said William M. Byers; the evident intention being to secure to the makers of said note the privilege of applying to the payment thereof the agreed percentage of premiums on such insurance as might be thus written. Monthly payments of $10 each were required to be made *with* said percentage of premiums. No pretense is made that such monthly payments were all kept up until the default mentioned in the 9th finding of fact occurred. There is no stipulation in the agreement compelling appellant to place said policies, with any particular person or company, nor any stipulation that, upon appellant's failure to so place said policies, said note should be discharged as to any of the makers thereof. In any event, if appellant was bound in any way in the matter of insurance, it was only on condition of prompt payment of said monthly installments of $10.

But even were we to place a different construction upon this contract, the findings of fact actually made by the trial court utterly fail to show that appellant was in a position to purchase, or could have purchased, through P. A. Daggett & Company, or from said Byers, insurance sufficient in amount to cause seven and one-half per cent of premiums thereon to fully pay said note.

Respondent, Floyd L. Daggett, was not dismissed with other defendants on his plea of the statute of limitations, for the reason that he personally made the last payment on said note, on behalf of P. A. Daggett & Company, said payment being made by him from his own funds, without the knowledge or consent of the remaining defendants; so that, while said note was barred as to them, it was not

barred as to him. The dismissal of the action as to him must have been based entirely upon the 9th and 10th findings of fact above set forth, which are not sufficient to warrant such order.

It is contended by appellant that it was inconsistent to enter judgment against P. A. Daggett & Company, a corporation, and discharge Floyd L. Daggett. We fail to comprehend any correct principle on which the trial court discharged Floyd L. Daggett, and at the same time entered judgment against P. A. Daggett & Company. There is absolutely no showing of full payment of the note, or of the prompt payment of said $10 installments. Upon the pleadings and evidence, appellant was entitled to recover, not only against P. A. Daggett & Company, but, also, against the respondent, Floyd L. Daggett. The affirmative defenses pleaded by Floyd L. Daggett were not sustained. All evidence offered by respondent having been admitted, and being now before us, upon said evidence, and the issues of fact presented by the pleadings, we think the trial court erred in dismissing this action as against the respondent, Floyd L. Daggett.

The judgment of the superior court is reversed, and the cause remanded with instructions to enter judgment against the respondent, Floyd L. Daggett, for the same amount for which judgment has been entered against P. A. Daggett & Company.

Mount, C. J., Rudkin, Dunbar, and Root, JJ., concur.

Fullerton and Hadley, JJ., took no part.