[No. 8067.]

## OLES V. MACKY'S ESTATE.

1. EXECUTORS AND ADMINISTRATORS—*Distribution—Stay of.*  One claiming a share in the estate of a decedent, who is *prima facie* entitled thereto, and is diligently prosecuting her claim in the courts, is entitled to apply in the court of administration to stay a distribution which will so reduce the estate as to impair her right, until those to whom distribution is directed shall give bond for re-payment of the amounts distributed whenever she shall have established her right.  (297)

To deny the application is a gross abuse of discretion.  (298)

2. WRIT OF ERROR—*Who May Prosecute.*  One who applies in the county court for a modification of an order for the distribution of a decedent's estate, thereby becomes party to the administration proceedings, and is entitled to a writ of error to review an order denying her application.  (298)

*Error to Boulder County Court.*—Hon. E. J. INGRAM, Judge.

Mr. O. A. JOHNSON, Mr. T. A. McHARG, Messrs. THOMAS, BRYANT, NYE & MALBURN, and Mr. JAMES H. BREWSTER, for plaintiff in error.

Mr. FRANK L. MOOREHEAD, guardian *ad litem* and Mr. HENRY O. ANDREW, for defendant in error.

The petitioner in her early childhood was by her father given into the custody of Andrew J. Macky, in consideration of his agreement to rear and educate her, and to make provision for her maintenance by preparing and having in his possession a legally executed will, bequeathing to petitioner an amount not less than one-third of his entire estate.  The petitioner had no knowledge of the contract, and did not learn of its existence

until some time after the death of Macky in 1907, who failed to make any provision in his will for her. Prior to any distribution of the funds and property of the estate, she brought an action in the District Court of Boulder County against the executor for the specific performance of this contract. A demurrer to her complaint was sustained. She elected to stand on her complaint, and the action was dismissed. She then brought the case here for review on error, with the result that the judgment of the District Court was reversed. 141 Pac. 489.

While that case was pending in this court the executor of the estate and certain legatees, petitioned the County Court for authority to distribute fifty thousand dollars of the funds of the estate, which was granted. Thereafter petitioner filed a petition in the County Court in which she prayed that the order of distribution be modified, so as to require the distributees of the fund to give bond, conditioned for the repayment into court of the amount so distributed, at such time as she should establish her right thereto. In her petition she sets out the contract upon which she relied to establish her right to one-third of the estate, which appears in full in *Oles v. Wilson,* 57 Colo. 246, 141 Pac. 489; and also the further facts upon which she predicated her right to the portion of the estate she claimed, all of which fully appear in the opinion to which we have referred. From the record it is made to appear that if the fund involved is distributed there will not be sufficient property in the hands or under the control of the executor to satisfy her judgment in the case she is prosecuting against the estate, in the event she is successful in that action. It likewise appears from the petition that she has proceeded in a diligent and orderly manner to establish her

rights. The relief prayed was denied and petitioner has brought the matter here for review on error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

When it is made to appear, as it does, that petitioner *prima facie* is entitled to one-third of the estate, and that the distribution of the fund involved will deplete the funds and property of the estate in the hands of the executor or under his control to such an extent that should petitioner finally prevail in her action, there will not be sufficient property subject to the control of the executor to satisfy her judgment, the status of the estate should be preserved pending the final determination of her rights, or she should be protected in some appropriate way so that in the event she prevails her judgment can be satisfied. This is but simple justice, and we are of the opinion that when a claim against an estate is pending for adjudication it is error to order money paid to legatees, when by so doing sufficient will not be left in the hands of the executors to satisfy such claim, unless the claimant is secured against loss by such distribution. *In Re Denike's Estate,* 6 N. Y. Sup. 450; *Sherman v. Saylor,* 36 Ill. App. 356; *State v. Superior Court,* 38 Wash. 677, 69 Pac. 375.

Counsel appearing here for certain of the legatees contend that requiring a bond was purely discretionary with the County Court, and that the exercise of this discretion should not be interfered with on review. To some extent this contention is based upon the fact, that petitioner's claim was not filed within the period for presenting claims against an estate. Conceding that the matter presented to the court called for the exercise of discretion, the ruling is reviewable, and should be reversed when it appears there has been plain, palpable and gross abuse of such discretion. That there was such

an abuse of discretion in refusing to require the legatees to give bond to repay the amounts received, if petitioner prevailed in her action, is evident, because if she was successful, funds of the estate, which should be applied to the satisfaction of her judgment would have been dissipated, and to that extent she would be prevented or at least, greatly embarrassed in enforcing the collection of her judgment.  Petitioner's claim is not a demand against the estate within the statute requiring claims against an estate to be filed within a specified period.— *Oles v. Wilson, supra.*  And hence, the cases cited which refused the exaction of a bond for the protection of a claimant, who had failed to file his claim within the period fixed by statute, are not in point.

The next proposition urged on behalf of the legatees is, that the order of the County Court refusing the prayer of petitioner is not reviewable, for the reason that she is a stranger to the proceedings in that tribunal.  She was not originally a party to these proceedings, but became such by presenting her petition, requiring the legatees to give bond, which would enable her to reach the fund about to be distributed to them, in case she was successful in establishing her right to one-third of the estate.

Several other questions are urged on behalf of the legatees in support of their contention that the judgment of the County Court should be affirmed, none of which, in our opinion, have merit, or they are not presented by the record or have been determined adversely to their contention in *Oles v. Wilson, supra.*  The vital question is, whether petitioner was entitled to the relief prayed, and as it is apparent from the record before us, she was, the judgment of the County Court is reversed and the cause remanded for further proceedings in harmony with the views expressed in this opinion.

*Judgment reversed.*

Mr. Chief Justice Musser and Mr. Justice White concur.