[No. 13917.   Department One. — April 1, 1891.]

## CHARLES H. DUNSMOOR, RESPONDENT, *v.* M. FURS-TENFELDT, RESPONDENT, AND CHARLES GEIN-GER, APPELLANT.

ASSIGNMENT FOR BENEFIT OF CREDITORS — MONEY HELD BY ASSIGNEE — TRUST — SPECIAL DEPOSIT — RIGHTS OF CREDITORS. — Money in the hands of an assignee of an insolvent debtor under an assignment for the benefit of creditors is held by the assignee in trust for the creditors, but is not a special deposit by or for them, and cannot be lawfully claimed by a creditor as his individual personal property, nor can all of the creditors jointly so claim it.

ID. — ACCOUNTING AT SUIT OF CREDITORS — TITLE TO MONEY DEPOSITED IN COURT. — The transfer of money from the assignee of an insolvent debtor to the custody of the clerk of the court, in obedience to an order of the court in an action by one of the creditors against the assignee to compel an accounting with the creditors, gives the creditors no more title to the money than they had while it was in the hands of the assignee, until the determination of the suit by a decree fixing the share to which each creditor is entitled.

ATTACHMENT — GARNISHMENT — FUNDS HELD BY OFFICER OF COURT. — When a defendant has a right to a certain distributive share of a fund in the hands of a receiver, master in chancery, or trustee of court, the officer may be effectually garnished by a creditor of the party so entitled, after the court has ordered it to be paid, and the officer has nothing more to do with the fund than to pay it over.

ID. — MONEY IN CUSTODY OF CLERK — ORDER OF DISTRIBUTION — DEBT DUE TO DISTRIBUTEE. — Where money is in the hands of a clerk of court, deposited under an order of the court by the assignee of an insolvent pending litigation as to the proper distribution thereof among the creditors, and an order of distribution is made by the court, the sum found due each creditor is a debt due the creditor from the clerk, and may be attached in his hands by a creditor of the creditor.

ID. — DEFINITION OF DEBT. — Any kind of obligation of one man to pay money to another is a debt; the manner in which it is to be paid or the means of coercing payment do not enter into the definition.

APPEAL from a judgment of the Superior Court of Orange County.

The facts are stated in the opinion.

*Wilson & Bulla,* and *George A. Rankin,* for Appellant.

Assignees, receivers, and similar officers are liable to garnishments whenever they have in their hands a defi-

nite sum to which the defendant or judgment creditor is clearly entitled, and the officer has nothing more to do with the fund than to pay it over. (Wade on Attachment, secs. 424 et seq.; Freeman on Executions, secs. 129–131; *Williams* v. *Jones*, 38 Md. 555; *Weaver* v. *Davis*, 47 Ill. 235; *Lightner* v. *Steinagel*, 83 Ill. 515; 85 Am. Dec. 292; *Pierce* v. *Carleton*, 12 Ill. 358; 54 Am. Dec. 405; *Reddick* v. *Smith*, 3 Scam. 451.) Property in the possession of an assignee under a voluntary assignment for the benefit of the creditors is not in the custody of the law so as to exempt it from seizure by a writ of attachment. (*Lapp* v. *Van Norman*, 19 Fed. Rep. 406.) The same reason which applies to an assignee obtains also in the case of receivers, administrators, executors, guardians, or other officers of the court; and after distribution has been decreed, an executor or administrator may be garnished, or if judgment has already been obtained against the distributee, the money in their hands may be reached by execution or proceedings supplementary thereto. (Drake on Attachment, sec. 492; *Estate of Nerac*, 35 Cal. 392; 95 Am. Dec. 111; *Richards* v. *Griggs*, 16 Mo. 416 et seq.; 57 Am. Dec. 240; *Adams* v. *Barrett*, 2 N. H. 374; *Fitchett* v. *Dolbee*, 3 Harr. (Del.) 267; *Parks* v. *Cushman*, 9 Vt. 320; *McCreary* v. *Topper*, 10 Pa. St. 419; *Bank of Chester* v. *Ralston*, 7 Pa. St. 482; *Groome* v. *Lewis*, 23 Md. 137; 87 Am. Dec. 563; *Hoyt* v. *Chester*, 51 Vt. 48; *Harrington* v. *La Rocque*, 13 Or. 344; *Dunlop* v. *Patterson etc. Ins. Co.*, 74 N. Y. 145; 30 Am. Rep. 283; *Cockey* v. *Leister*, 12 Md. 124; 71 Am. Dec. 588.) Where funds belonging to a defendant are held by the clerk of court to await the result of the suit, and on judgment being rendered against defendant it is satisfied out of such funds, defendant is entitled to the immediate possession of any surplus remaining, without any further order of court, and therefore such surplus in the hands of the clerk is subject to garnishment by defend-

ant's creditors. (*Leroux* v. *Baldus*, 13 S. W. Rep. 1019 (Tex.); *Wilber* v. *Flannery*, 60 Vt. 581.)

*Victor Montgomery*, for Respondent, Furstenfeldt.

VANCLIEF, C. — The plaintiff (clerk of the superior court) brought this action to compel the defendants, Furstenfeldt and Geinger, to interplead as to their respective adverse claims to be paid a sum of money in the possession and custody of the plaintiff, which he was willing and ready to pay to the one to whom the court should determine it was due.

The court adjudged that Furstenfeldt was entitled to the money, and Geinger brings this appeal from the judgment upon the judgment roll, and contends that upon the facts found the judgment should have been in his favor.

The material facts found are substantially as follows: 1. In January, 1888, Peter Eschelbach made an assignment of his property to one Lewis, for the benefit of his creditors; 2. Thereafter, Sichler, one of the creditors of the insolvent, brought an action in the superior court of Los Angeles County against Lewis, the assignee, to compel him to account to the creditors; 3. In this action against the assignee he was ordered by the court, April 11, 1889, to deposit with the clerk thereof, Dunsmoor, plaintiff herein, about $8,000, to be held pending the litigation as to the proper distribution thereof among the creditors, and thereupon the said sum was so deposited by the assignee; 4. On the same day, April 11, 1889, the court ordered a distribution of said sum among the creditors, one of whom was Antone Miller, to whom the court ordered the clerk, plaintiff herein, to pay from said money the sum of $305.32; 5. On July 3, 1889, Miller assigned all his right and title to the last-mentioned sum, then in the custody of the clerk, to the defendant Furstenfeldt, who, on the following ninth day of July, demanded it of

the clerk, but the clerk then refused and ever since has refused to pay the same to Furstenfeldt; 6. On the sixth day of April, 1889, the defendant Geinger obtained a judgment in the superior court of San Francisco against Antone Miller for the sum of $1,319, upon which execution was issued to the sheriff of Los Angeles County on June 18, 1889, and was duly served by copy and garnishment upon Dunsmoor, the plaintiff, and upon Lewis, the assignee of the insolvent, on June 20, 1889; 7. Dunsmoor, on June 21, 1889, answered to the garnishment notice that he held, subject to the order of the court, $305.32, which had been distributed, by order of the court in the case of *Sichler* v. *Lewis,* to Antone Miller, as above stated; 8. On July 1, 1889, defendant Geinger demanded of Dunsmoor said sum of $305.32, which the latter refused to pay, and which he still holds in his custody, subject to the judgment of the court in this action, as alleged in his complaint herein; 9. Thereafter the defendant Furstenfeldt petitioned the superior court of Los Angeles County for an order requiring Dunsmoor to pay to him said sum of $305.32, on the ground that it had been assigned to him by Antone Miller, to whom it had been ordered to be paid in the case of *Sichler* v. *Lewis, Assignee,* but the court, after " due hearing," denied his petition, " upon the ground that said court had no further control or jurisdiction over said sum of money, by reason of the order of distribution previously made by said court." Whether Geinger had notice of this petition is not stated, nor does it appear that he participated in the hearing.

It will be seen that the garnishment by virtue of Geinger's execution was thirteen days prior to the assignment by Miller to Furstenfeldt, and therefore if the money ($305.32) in the hands of Dunsmoor, or a debt from Dunsmoor to Miller for the same sum of money growing out of the transactions, was subject to the garnishment, the judgment should have been in favor of

the appellant; otherwise, the judgment in favor of Furstenfeldt should be affirmed.

Section 544 of the Code of Civil Procedure provides that "all persons having in their possession, or under their control, any credits or other personal property belonging to the defendant, or owing any debts to the defendant, at the time of service upon them of a copy of the writ and notice, as provided in the last two sections, shall be . . . . liable to the plaintiff for the amount of such credits, property, or debts, until the attachment be discharged, or any judgment recovered by him be satisfied."

Respondent contends,— 1. That no part of the money in the possession of Dunsmoor belonged to the defendant Miller; 2. That the money of which Dunsmoor acquired the possession by the order of the court was at the time of the service of the writ in the custody of the law, and therefore not subject to garnishment; and 3. That Dunsmoor owed no debt to Miller.

1. We think it must be conceded that the eight thousand dollars, while in the custody of Dunsmoor, did not belong to the creditors of the insolvent. Lewis, the assignee of the insolvent, held it in trust for those creditors, to be distributed among them, ratably, in payment of their several demands against the insolvent. In his hands, no one of the creditors could have lawfully claimed any part of the money as his individual personal property, nor could all the creditors, jointly, have so claimed all the money, as it was not a special deposit by or for them. (Wade on Attachment, secs. 329, 407.) The transfer of the money from the assignee to Dunsmoor, in obedience to the order of the court, gave the creditors no more title to it than they had before.

2. Whether the money was ordered to be delivered to Dunsmoor in his official capacity as clerk of the court, or as a receiver or master in chancery, he held it for the same purposes (though not by the same title) for which it

had been held by the assignee, and for no other purpose. For such purposes, and until they were accomplished, no doubt, the money was in the custody of the law, in the ordinary sense of the term; but so far as the court was concerned, such purposes were fully accomplished by the final decree in the case of *Sichler* v. *Lewis, Assignee,* determining the share of the money to which each creditor was entitled, and ordering Dunsmoor (as clerk or receiver) to pay to each creditor a specific certain sum from the fund. That was the end of the judicial proceedings in the case of *Sichler* v. *Lewis.* The execution of the decree by paying the money to the creditors was all that remained to be done. The only reason assigned by the authorities for the rule prohibiting the attachment of property in the custody of the law is, that such attachment would generally delay and embarrass judicial and other official proceedings in the administration of such property; and that this is a sufficient reason for the rule, as applied to all judicial proceedings in regard to such property, is generally admitted, and to this extent the weight of authority admits no exception to the rule. But, according to a great preponderance of the modern cases, there are some exceptions to the rule as applied to property in the custody of purely executive officers, based upon the maxim that the rule should not be applied " when the reason of the rule ceases." (Civ. Code, secs. 3509, 3510.) After speaking of the rule and the exceptions thereto in Maryland, Mr. Wade, in his work on Attachment, section 424, says: "It is elsewhere held, and as it appears with considerable unanimity, that when defendant has a right to a certain distributive share of the fund in the hands of a receiver, master in chancery, or trustee of court, the officer may be effectually garnished by a creditor of the party so entitled, after the court has ordered it to be paid. . . . . The authorities seem to concur in holding receivers and similar officers liable to garnishment when they have

in their hands a definite sum to which the defendant or judgment debtor is clearly entitled, and the officer has nothing more to do with the fund than to pay it over. Some of them may go beyond, but none, so far as they have been examined, fall short of, this conclusion." (See also Freeman on Executions, sec. 129; *Gaither* v. *Ballew*, 4 Jones, 488; 69 Am. Dec. 764.)

In speaking of assignees in bankruptcy and insolvency, and after admitting that the property in their hands is not subject to garnishment before an order of distribution, the same author (sec. 423) says: "It is another matter when, in the course of the administration of his duties, the assignee has in his hands a sum due one of the creditors, and a creditor of such creditor seeks to charge him as garnishee in respect thereto. In such case the exemption could be maintained, if at all, only on the ground of the official capacity in which the money of the defendant was held. It is no longer the property of the assignee. In case of his refusal to pay it over to the party entitled thereto, the latter could maintain an action for it. It is not apparent how, in such case, the assignee would occupy ground more favorable to his exemption than would a sheriff in possession of a surplus due an execution defendant." (As to sheriffs, see Wade on Attachment, sec. 421.)

In cases of garnishment of executors and administrators in respect to the property of legatees and heirs, the exception to the rule of exemption applies, after an order of distribution of the property has been made whereby the share or portion of the defendant in attachment is rendered definite and certain. (Wade on Attachment, secs. 425, 426; Freeman on Executions, sec. 131; *Estate of Nerac*, 35 Cal. 392; 95 Am. Dec. 111.) I think the case at bar comes fairly within the exception to the rule that property in the custody of the law is not subject to garnishment.

3. Having conceded that no part of the money in the

hands of Dunsmoor — that is, no particular coins or bank bills — could be said to be the personal property of Miller, a delivery of which to himself he was entitled to demand of Dunsmoor, it remains to answer the objection that "Dunsmoor owed no debt to Miller."

If, as contended and conceded, no particular money in Dunsmoor's hands belonged to Miller, and that Dunsmoor might have paid Miller the sum ordered by the court to be paid him in any lawful money, it would seem to follow that Dunsmoor owed Miller $305.32; and surely what Dunsmoor owed Miller was a debt (*Rodman* v. *Munson*, 13 Barb. 197) the payment of which Miller could have enforced. Indeed, it was a debt in the strict legal sense,— a judgment,— a debt of record. (Burrill's Law Dict.) For a full exposition of the word "debt," as used in law, and particularly in statutes, see *New Jersey Ins. Co.* v. *Meeker*, 37 N. J. L. 300, and authorities there cited. Any kind of obligation of one man to pay money to another is a debt. "A debt signifies what one owes. There is always some obligation that it shall be paid; but the manner in which . . . . it is to be paid, or the means of coercing payment do not enter into the definition." (*Rodman* v. *Munson*, 13 Barb. 197.) Perhaps Miller might have coerced payment by motion in the same court that ordered the payment. If not, he certainly could have recovered the debt by action upon the judgment rendered in the case of *Sichler* v. *Lewis*.

I think the judgment should be reversed, and that the lower court should be directed to render judgment on the findings of fact in favor of appellant.

Foote, C., and Temple, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment is reversed, and the court below is directed to render judgment on the findings of fact in favor of the appellant.