Smith v. The People.

Everett H. Smith, Receiver, etc., v. The People, etc.

1. GARNISHMENT—*Of Money in the Hands of a Receiver, When Subject to Garnishment.*—As a general rule, money in the hands of a receiver can not be reached by garnishee process, it being regarded as in the custody of the court. Ordinarily it is contempt of the authority and process of the court to interfere with the possession of the property in the hands of a receiver, but it seems to be in line with the better and more recent authorities to hold that after final order or decree of distribution, or where nothing remains to be done except to pay the money, such money is subject to garnishment in the hands of a receiver.

Garnishment.—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE. Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Reversed and remanded. Mr. Justice FREEMAN not concurring. Opinion filed January 29, 1901.

C. L. CASWELL, JR., and F. A. HARPER, attorneys for appellant.

WILLIAM SLACK and JOHN C. WILSON, attorneys for appellee.

. MR. JUSTICE HORTON delivered the opinion of the court.

The only question in this case is whether money in the hands of a receiver is subject to garnishment by a creditor. of a distributee after final order of distribution.

As a general rule, money in the hands of a receiver can· not be reached by garnishment, it being regarded as in the custody of the court. Ordinarily it is contempt of the authority and process of the court to interfere with the possession of property in the hands of a receiver without leave of the court appointing the receiver. (Richards v. People, 81 Ill. 551.) But it seems to be in line with the better and more recent authorities to hold, that, after final order or decree of distribution, and when nothing remains to be done except to pay the money, such money is subject to garnishment in the hands of a receiver.

In Wade on Attachments, Sec. 424, after referring to the rule in Maryland it is said:

" It is elsewhere held, and as it appears, with considerable unanimity, that when defendant has a right to a certain distributive share of the fund in the hands of a receiver, master in chancery, or trustee of court, the officer may be effectually garnished by a creditor of the party so entitled, after the court has ordered it to be paid. * * * The authorities seem to concur in holding receivers and similar officers liable to garnishment when they have in their hands a definite sum to which the defendant or judgment debtor is clearly entitled, and the officer has nothing more to do with the fund than to pay it over. Some of them may go beyond, but none, so far as they have been examined, fall short of, this conclusion."

The rule thus stated is apparently in mind when our Supreme Court says in Jackson v. Lahee, 114 Ill. 287, at page 293:

" The property or funds were in the hands of the receiver for the benefit of the party ultimately entitled to them, and when he is discovered or ascertained, the receiver will be considered his receiver."

The most recent reference to this question by our Supreme Court which has come under our observation is in Ladd v. Judson, 174 Ill. 344. In that case there was property held in trust by an executor for distribution. Apparently the will had been probated and the executor named in the will had qualified and was acting as such under the direction of the County Court. A bill in equity in the nature of a creditor's bill was filed to reach the interest of the *cestui que trust*. It was held by a majority of the court that the bill could not be sustained except upon a judgment obtained in the jurisdiction where the bill was filed and therefore the bill was dismissed for want of such judgment. But it was indicated in the majority opinion (p. 352) as well as in the dissenting opinion by Mr. Justice Phillips (p. 354) that garnishment might be sustained where a court had decreed a distribution of the funds in the hands of an executor or administrator.

In Weaver v. Davis, 47 Ill. 235, it was held that money in the hands of a special master which the court appointing him had, by final order, directed to be paid to the defendant

in an attachment suit, might be reached by garnishee process.

In Dunsmore v. Furstenfeldt, 88 Cal. 522, the Supreme Court quotes and sustains the rule as stated by Mr. Wade in his work on Attachments, above noted, and on page 527 the court says:

"The only reason assigned by the authorities for the rule prohibiting the attachment of property in the custody of the law, is that such attachment would generally delay and embarrass judicial and other official proceedings in the administration of such property; and that this is a sufficient reason for the rule as applied to all judicial proceedings in regard to such property, is generally admitted, and to this extent the weight of authority admits no exception to the rule. But, according to a great preponderance of the modern cases, there are some exceptions to the rule as applied to property in the custody of purely executive officers, based upon the maxim that the rule should not be applied ' when the reason of the rule ceases.' "

The money in the hands of the officer of the court was held to be within the exception and to be subject to garnishment.

See also, as bearing more or less upon this question, Pierce v. Carleton, 12 Ill. 358; Lightner v. Steinagel, 33 Ill. 513; Millison v. Fisk, 43 Ill. 112; Bartell v. Bauman, 12 Ill. App. 450–1; Freeman on Executions, Sec. 129.

In the case at bar there were claims and counter claims by the receiver and Mrs. Jones, each against the other, but they arrived at a settlement, and the order directing the receiver to pay to Mrs. Jones a definite sum was entered by agreement in consummation of such settlement. It was in effect a money decree in favor of Mrs. Jones and was subject to garnishment in a suit against her.

The order of the Circuit Court appealed from is reversed and the cause remanded.   Reversed and remanded.

Mr. Justice Freeman :

I do not concur. There is, I think, a distinction between garnishment of a special master or a sheriff, and a like procedure without leave of court against a receiver, even

after order of distribution. The possession of the fund by the receiver is the possession of the court, and, in my judgment, it is unwise to permit creditors of a distributee to garnishee a receiver without leave, as in other cases.