ROBERTSON v. DETROIT PATTERN WORKS.

GARNISHMENT—RECEIVERS—LEAVE OF COURT—NECESSITY.

The rule that property in the hands of a receiver is not subject to garnishment except by leave of the court appointing the receiver has no application to a case where nothing remains to be done by the receiver except to pay to plaintiff's debtor a sum of money due him under the final decree in the suit in which the receiver was appointed.[1]

Error to Wayne; Donovan, J. Submitted April 13, 1908. (Docket No. 45.) Decided May 1, 1908.

Garnishment proceedings by Charles R. Robertson against Charles W. Wipfler and others, garnishees of the Detroit Pattern Works, and others. There was an order dismissing the writ, and plaintiff brings error. Reversed.

*Charles R. Robertson*, in pro. per.

*William C. Gottman*, for appellees.

CARPENTER, J. The garnishee defendant was appointed by the circuit court for the county of Wayne receiver in a certain suit wherein he and the principal defendants were parties. That suit was tried. It resulted in a final decree requiring the garnishee defendant to pay to the principal defendants in this suit a certain sum of money. It appears that nothing remains to be done except the performance of this decree, viz., the payment of said money. The question presented by this case is whether plaintiff, a creditor of the principal defendants, has a right without leave of the court to commence garnishment proceedings to secure this fund. The trial court held that he had not and dismissed his proceedings.

---

[1] As to garnishment of money due from receiver, see note to *Irwin* v. *McKechnie* (Minn.), 26 L. R. A. 218.

There is no doubt of the general rule that property in the hands of a receiver is not subject to garnishment except by leave of the court appointing the receiver, which leave was not obtained in this case. But the weight of authority holds that that rule has no application in a case like this where nothing remains to be done except to pay money upon a final decree. *Willard* v. *Decatur*, 59 N. H. 137; *Smith* v. *People*, 93 Ill. App. 135; Rood on Garnishment, § 32; *Dunsmoor* v. *Furstenfeldt*, 88 Cal. 522 (12 L. R. A. 508); *Weaver* v. *Davis*, 47 Ill. 235; 20 Cyc. p. 1026. We believe the law to be as stated in these cases. The order dismissing the proceedings was therefore erroneous.

Judgment reversed and a new trial granted.

GRANT, C. J., and BLAIR, MONTGOMERY, and MCALVAY, JJ., concurred.