PEOPLE, *for use of* WIPFLER, *v.* WIPFLER.

1. PARTIES — BONDS — JUDICIAL BONDS — RECEIVERS — PRINCIPAL
AND SURETY.

Suit may be maintained on a receiver's bond running to the
people of the State of Michigan, without permission of the
State, in the name and for the use of the only person inter-
ested in the assets which the bond secured; a breach of the
conditions of the obligation being alleged.

2. RECEIVERS — ACTION AGAINST — LEAVE OF COURT — JURISDIC-
TION.

Without leave of court first obtained, an action may be brought
against a receiver appointed in a county other than that in
which action is instituted, and against his surety on his
official bond, after a decree in equity requiring the receiver
to pay a sum of money, and after default, where it is averred
that nothing remains for the receiver to do but pay the
amount determined by the decree.

Error to Jackson; Parkinson, J. Submitted June 19,
1911. (Docket No. 93.) Decided September 29, 1911.

Assumpsit by the people of the State of Michigan for
the use and benefit of Lucy Wipfler against Charles W.
Wipfler and the Fidelity & Deposit Company of Mary-
land. A judgment for defendants, overruling plaintiff's
demurrers to two pleas in abatement filed by defendants
and on plaintiff's replication to a portion of one of said
pleas, is reviewed by plaintiff on writ of error. Reversed.

*Grove H. Wolcott*, for appellant.

*Brennan, Donnelly & Van De Mark* (*Wilson &
Cobb*, of counsel), for appellees.

MOORE, J. A reading of the opinions in *People, for
use of Wipfler*, v. *Fidelity & Deposit Co.*, 163 Mich. 94
(127 N. W. 765), and *Wipfler* v. *Warren*, 163 Mich. 189

(128 N. W. 178), will make it unnecessary to make so full a statement of facts as would otherwise be essential.

This suit is commenced by declaration. Some of the averments are as follows:

"The people of the State of Michigan, for the use and benefit of Lucy Wipfler, owner of the property and effects of the Detroit Pattern Works, a corporation, plaintiff herein, by Grove H. Wolcott, her attorney, complains of Charles W. Wipfler and the Fidelity & Deposit Company of Maryland, a corporation of said State, defendants herein, in a plea of trespass upon the case upon promises, for that, whereas the defendants heretofore on, to wit, the 15th day of April, A. D. 1904, at the city of Detroit, in the State aforesaid, by their certain writing obligatory, sealed with their seals, and now shown to the court here, the date whereof is the day and year aforesaid, acknowledged themselves, the said Charles W. Wipfler as principal, and the said Fidelity & Deposit Company of Maryland as surety, to be held and firmly bound unto the people of the State of Michigan, in the sum of six thousand dollars, lawful money of the United States, to be paid to the said people of the State of Michigan, for which payment the said obligors did bind themselves, jointly and severally, which said writing obligatory was and is subject to a certain condition thereunder written, to wit: That by an order of the circuit court for the county of Wayne, in chancery, made on the 11th day of April, A. D. 1904, in an action wherein the said Charles W. Wipfler was complainant, and the Detroit Pattern Works, a Michigan corporation, Lucy Wipfler and Charles E. Wipfler and Louis Horn, are defendants, the above bounden Charles W. Wipfler was appointed sole receiver of all the property and assets of the said Detroit Pattern Works upon his executing a bond in the penal sum of six thousand dollars, to be approved by said court, pending an appeal of said cause to the Supreme Court of the State of Michigan, conditioned that the said Charles W. Wipfler should faithfully account for and deliver to whomsoever might be decreed to be entitled thereto, all of the property and assets of every kind and nature of the said Detroit Pattern Works which had come into or been in possession of said Charles W. Wipfler since the 21st day of December, 1903, the date of the decree in said cause; and do and perform his duties as receiver in all things according to the true

intent and meaning of the aforesaid order, then said obligation to be void, otherwise to remain in full force and effect, which said writing obligatory was duly approved by the Honorable Morse Rohnert, a circuit judge of said court, on the 15th day of April, 1904, and filed on, to wit, said last named date, in said cause."

Then follows a narrative of events which plaintiff claims entitles her to a judgment on said bond.

Two questions are presented by the pleadings and by counsel for disposition here:

*First*, that the action cannot be maintained in the name of the people of the State of Michigan, as they have at no time authorized plaintiff to bring suit in their name.

*Second*, that the circuit court for Jackson county neither has, nor ought to take, jurisdiction of this case, as the receiver was appointed by the circuit court for Wayne county, in chancery, which court has not given leave to bring this suit.

The circuit judge was of the opinion that the second proposition was well taken and that the circuit court for Jackson county had no jurisdiction.

1. The bond sued upon in the case reads in part as follows:

"Know all men by these presents, that we, Charles Wipfler, of the city of Detroit, Wayne county, State of Michigan, as principal, and Fidelity and Deposit Company of Maryland, as surety, are held and firmly bound unto the people of the State of Michigan in the sum of six thousand dollars, lawful money of the United States, to be paid to the said people of the State of Michigan. * * *

"Whereas by an order of the circuit court for the county of Wayne made on the 11th day of April, A. D. 1904, in an action wherein Charles Wipfler is complainant, and the Detroit Pattern Works, a Michigan corporation, Lucy Wipfler, Charles E. Wipfler and Louis Horn are defendants; the above bounden Charles E. Wipfler was appointed sole receiver of all the property and assets of the said Detroit Pattern Works upon his executing a bond. * * *

"Now the condition of this obligation is such that if the above bounden, Charles Wipfler, shall faithfully account for and deliver to whomsoever may be decreed to be en-

titled thereto, all of the property and assets of every kind and nature of the said Detroit Pattern Works which have come into or been in possession of said Charles Wipfler since the 21st day of December, 1903, the date of the decree in this cause, and do and perform his duties as receiver in all things according to the true intent and meaning of the aforesaid order, then this obligation to be void, otherwise to remain in full force and effect."

If the averments of the amended declaration are true, the plaintiff is the only person interested in the assets of the Detroit Pattern Works, which came into the hands of Mr. Wipfler as receiver, who has failed to turn them over as he should do under the decree. If these averments are true, the suit may be maintained in the form of action as brought under the principle to be gathered from the following authorities: *Detroit Board of Education* v. *Grant*, 107 Mich. 151 (64 N. W. 1050); *City of Alpena, for use of Zess,* v. *Surety Co.,* 158 Mich. 678 (123 N. W. 536); *City of Alpena, for use of Besser,* v. *Surety Co.,* 159 Mich. 329 (123 N. W. 1126).

2. Could the circuit court for the county of Jackson take jurisdiction under the facts averred in the declaration? The plaintiff is a resident of Jackson. It is averred that nothing remains for the receiver to do except to pay the decree rendered against him. In *Robertson* v. *Pattern Works*, 152 Mich. 612 (116 N. W. 196), Justice CARPENTER, speaking for the court, said:

"There is no doubt of the general rule that property in the hands of a receiver is not subject to garnishment except by leave of the court appointing the receiver, whch leave was not obtained in this case. But the weight of authority holds that that rule has no application in a case like this where nothing remains to be done except to pay money upon a final decree. *Willard* v. *Decatur*, 59 N. H. 137; *Smith* v. *People*, 93 Ill. App. 135; Rood on Garnishment, § 32; *Dunsmoor* v. *Furstenfeldt*, 88 Cal. 522 ([26 Pac. 518], 12 L. R. A. 508 [22 Am. St. Rep. 331]); *Weaver* v. *Davis*, 47 Ill. 235; 20 Cyc. p. 1026. We believe the law to be as stated in these cases. The order dismissing the proceedings was therefore erroneous."

We think the same rule should apply in this case if the averments of the declaration are true.

The judgment is reversed, and the case is remanded for further proceedings.

MCALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.