STATE OF NORTH DAKOTA, Respondent, v. DAVE BLUM et al. LYMAN BROKAW and Lorenz Sowitch, Appellants. PETER J. ERICKSON, as Clerk of the District Court of Williams County, North Dakota, and as an Individual, Respondent.

(226 N. W. 694.)

Opinion filed August 16, 1929.

*Ivan V. Metzger,* and *Burdick, Shaft & Burk,* for appellants.

*A. J. Knox,* State's Attorney, for respondent, and garnishee and respondent.

CHRISTIANSON, J. This is a sequel to State v. Blum, 57 N. D. 619, 223 N. W. 697. That was an action brought by the state against the defendant Dave Blum as principal and the defendants Lyman Brokaw and Lorenz Sowitch, as sureties on a bail bond. This is a garnishment action instituted ancillary to the other action and grew out of the following facts: the defendant Lyman Brokaw was charged with violation of the prohibition law, and was arrested upon a warrant of arrest issued by one A. L. Butler, a justice of the peace in and for Williams County. After hearing had before the justice of the peace said Brokaw was held to answer the criminal charge against him and was admitted to bail in the sum of $500. He furnished bail by depositing $500 in cash. The moneys were transmitted by the justice of the peace to the clerk of the district court. On being arraigned in the district court the defendant entered a plea of guilty and was sentenced to imprisonment in the county jail of Williams County. He served his sentence and was discharged from custody on February 25, 1927. He did not call upon the clerk of the district court for a return of the money which he had deposited for bail. On April 15th, 1927, the state instituted the present garnishment action against the clerk of the district court as such officer, and as an individual, as garnishee. The garnishee interposed an affidavit admitting liability. In such affidavit he stated that he had in his possession and under his control $500 in cash belonging to the defendant Brokaw and that he claimed no set-off or defense to such liability. The defendants Brokaw and Sowitch interposed an answer wherein they stated that the garnishee did not have in his possession or under his control any property real or personal belonging to the defendants except $500 in cash which had been deposited as a bail bond for the defendant Lyman Brokaw; "that the said Lyman Brokaw did appear and surrender himself to the said Court and that the said Court did

pass judgment upon the said defendant, Lyman Brokaw, and that he did serve the judgment and sentence of the said court and that, by virtue thereof, the said bail bond in the sum of five hundred dollars ($500) was exonerated and that the said bail bond is in the custody of an officer of this court and is, by law, not subject to seizure under execution, garnishment or attachment."

The trial court overruled the contention advanced by the defendants and rendered judgment in favor of the plaintiffs. The defendants Brokaw and Sowitch have appealed from the judgment.

The sole question presented for determination is whether the moneys in question were subject to garnishment.

Ordinarily uncertain or contingent interests,—that is, interests in property to the possession and enjoyment of which the defendant may never succeed (12 R. C. L. pp. 794, et seq.), and moneys or property in custody of law such as moneys or property received or collected by a sheriff or other officer by force of an execution or other legal process in favor of the defendant or for which he is accountable to the defendant merely as such officer (12 R. C. L. pp. 807, et seq.), are not subject to garnishment. These rules are of general prevalence and have been recognized and adopted by statute in this state. See § 7584, Comp. Laws 1913.

The reasons for the rule exempting persons holding property as agents of the law from garnishee process are obvious. It would of necessity impose upon such officers burdens which ought not to be imposed upon them. 1 Shinn, Attachm. & Garnishment, § 46; 28 C. J. pp. 65, 66. To require such officers to respond in garnishment would tend to interrupt the orderly progress of judicial proceedings, engender conflict of authority, and might, in some cases, defeat the very purpose for which the property was placed in custody of law. 28 C. J. p. 66; 1 Shinn, Attachm. & Garnishment, § 46. Furthermore, it is often true that while such property is in custody of law, the defendant has no fixed title thereto, but his interest is merely contingent. Take, for instance, the case at bar; as long as the deposit was held as a bail bond the defendant Brokaw had merely a contingent interest. If the conditions of the bail bond were fulfilled the property became his. If, on the other hand, the conditions were violated he would lose all interest therein. A mere statement of the rule that property in custody of law

is exempt from garnishee process indicates the limitations of the rule of exemption. It is property that is in custody of, and that has been dedicated by, the law to a particular purpose which is exempt. The exemption applies to the property as long as the purpose for which the money or property has been so placed in custody of law remains unfulfilled; but when the prescribed purpose has been fulfilled so that the money or property is no longer subject to any control by the officer or tribunal under whose custody and control it was placed and the custodian is holding the same merely for the defendant and the latter is entitled to receive the same as a matter of right, without condition or order, the property can no longer be said to be in custody of the law. "The exemption continues as long as the person holding the property is primarily accountable to the court for it; it ceases when he is no longer accountable for it. Accordingly it is generally held that he may be held as a garnishee after the purpose of the law's custody has been accomplished subject, of course, to the condition that the funds or property belongs to the defendant." 28 C. J. pp. 66, 67. See also 28 C. J. p. 76; 42 Harvard L. Rev. 1080, 1081. When the purpose for which the property was placed in custody of the law has been fulfilled and the custodian is holding the same merely for the defendant who is entitled to the same as a matter of right upon demand, the reason for the rule exempting moneys or property from garnishment or other legal process has ceased and, hence, the rule is no longer applicable (28 C. J. pp. 66, 67, 76); for it is a maxim of our jurisprudence that when the reason for a rule ceases so should the rule itself. See § 7244, Comp. Laws 1913.

In this case the defendant Brokaw was entitled to the money at any time after February 25, 1927,—and could have had it by merely asking for it. There is no claim on the part of the garnishee that he is holding the money in custody of law; nor does the defendant claim that the purpose for which the money was deposited has not been fully accomplished. On the contrary it is conceded that the defendant Brokaw is the owner of the money and that from and after February 25, 1927 up to the time of service of garnishee process on April 15, 1927, the garnishee was not holding the money for any purpose which would have justified him in withholding the same from the defendant. In short, on and after February 25, 1927 up to the service of garnishee

process (April 15, 1927) the defendant Brokaw was entitled to the money and could have had it by merely asking for it. If the garnishee had refused to pay it over, Brokaw could have maintained an action against him for it. 28 C. J. pp. 44, 93. His deposit in lieu of the bail bond became *functus officio* on and after February 25, 1927. His bail was fully exonerated and the money was his. The garnishee no longer held it in custody of law. The purpose for which it had been dedicated at the time of the deposit had been fully performed more than six weeks before the commencement of the garnishment action. The court had no right to make any further orders in respect to it and the garnishee had no right to withhold it from Brokaw, the owner. The garnishee was holding it for Brokaw, and not for any other person. In these circumstances it cannot be said that the money is in custody of the law or held by the garnishee as a public officer. He is holding it for the defendant. In a word, the conditions under which the law says that money shall not be subject to garnishment had ceased to exist and the money was and is subject to garnishment as the property of the defendant. Dunlop v. Patterson F. Ins. Co. 74 N. Y. 148, 30 Am. Rep. 283; Dunsmoor v. Furstenfeldt, 12 L.R.A. 508, and note (88 Cal. 522, 22 Am. St. Rep. 331, 26 Pac. 518); Boylan v. Hines, 62 W. Va. 486, 13 L.R.A.(N.S.) 757, 125 Am. St. Rep. 983, 59 S. E. 503; LeRoy v. Jacobosky, 136 N. C. 443, 67 L.R.A. 977, 48 S. E. 796; Robertson v. Detroit Pattern Works, 152 Mich. 612, 116 N. W. 196, 15 Ann. Cas. 131.

The judgment appealed from is right and should be affirmed. It is so ordered.

Burke, Ch. J., and Birdzell, Burr, and Nuessle, JJ., concur.