[File No. 6274.]

EDWARD S. ALLEN, Appellant, v. ELICK LARSON, Respondent.

(256 N. W. 178, — A.L.R. —.)

Opinion filed July 3, 1934. Rehearing denied August 11, 1934.

*Cameron & Madden,* for appellant.
*Hyland & Fosler,* for respondent.

BURKE, J. This is an action by an attorney to recover on an alleged contract for services. The defendant is a nonresident and service was obtained by publication after a warrant of attachment had been issued and levy made upon the sum of $1,035.00, in cash, in the hands of the sheriff of Burleigh county, alleged to be the property of the defendant. The defendant appeared specially and moved to dissolve the attachment and in support of the motion filed an affidavit by E. C. Ruble, as agent for Elick Larson, alleging that pursuant to a warrant of attachment a purported levy was made upon the sum of $1,035.00 in money in the hands of J. L. Kelley, sheriff of Burleigh county; that said money is held by said J. L. Kelley as sheriff in his representative capacity and as an officer of the law as sheriff of Burleigh county; that said money was received by J. L. Kelley, as sheriff of Burleigh county, as successor to Rollin Welch, sheriff of Burleigh county, and that said money is due to Elick Larson, the defendant herein, by reason of the fact that a redemption was made from a foreclosure sale covering Lot 1 and the 23 feet of Lot 2, block 8, First addition to the town of Driscoll, Burleigh county, North Dakota; that at the time of the said redemption, on or about the 12th day of September, 1928, Rollin Welch was sheriff of Burleigh county and Elick Larson, the defendant, was the owner and holder of the sheriff's certificate of sale to said described premises and that the said described premises were redeemed from sale by L. R. Baird, as Receiver of the Farmers and Merchants State Bank of Driscoll; that said money was received by said Rollin Welch, as sheriff, pursuant to the redemption duly made as aforesaid and was held by him in his capacity as sheriff of Burleigh county, North Dakota and

that the same is now held by J. L. Kelley, as sheriff of Burleigh county, in his capacity as sheriff.

Upon this showing the court entered its order holding that the money so attached is in the custody of the law and not subject to attachment. From this order the plaintiff appeals.

The sole question in the case is, was the property in the hands of the sheriff subject to attachment?

Both parties cite and rely upon the case of State v. Blum, 58 N. D. 549, 226 N. W. 694. This was a special proceeding by garnishment and § 7584, Compiled Laws 1913 provides:

"No judgment shall be rendered upon a liability of the garnishee arising either:

"1. By reason of his having drawn, accepted, made, endorsed or guaranteed any negotiable bill, draft, note or other security.

"2. By reason of any money or other thing received or collected by him as sheriff, or other officer, by force of an execution or other legal process in favor of the defendant.

"3. By reason of any money in his hands as a public officer and for which he is accountable to the defendant merely as such officer.

"4. By reason of any money or other thing owing from him to the defendant, unless before judgment against the defendant, it shall have become due absolutely and without depending on any future contingency; but judgment may be given for any money or other thing owing after it shall have become due absolutely and without depending on any contingency.".

The provisional remedy of attachment was adopted at the first session of the territorial legislature in 1862. Chapter 3 of the Laws of Dakota 1862, and the provisional remedy by garnishment was enacted by the legislature as an independent remedy in 1895. Chapter 65, Session Laws of 1895. The law is entitled "An Act Entitled an Act to Establish a Garnishment Law for the State of North Dakota" and § 18 of the act is identical with § 7584, Compiled Laws 1913. Clearly this section does not apply to a proceeding by attachment.

Under § 7537, Compiled Laws 1913, the plaintiff at or after the commencement of an action may have the property of the defendant

attached when the defendant is not a resident of the state or is a foreign corporation; when he has absconded or concealed himself; when he has removed or is about to remove his property, not leaving enough for the payment of his debts; when he has sold, assigned, transferred, secreted or otherwise disposed of his property with intent to cheat or defraud his creditors or to hinder or delay them in the collection of their debts; when he is about to remove his residence from the county with the intent of permanently changing the same and fails or neglects on demand to give security for the debt upon which the action is commenced; when the debt upon which the action was commenced was incurred for property obtained under false pretenses; when he is about to remove his property or a material part thereof with intent or effect of cheating or defrauding his creditors or hindering or delaying them in the collection of their debts; or in an action to recover purchase money for personal property sold to the defendant.

Under § 7542, Compiled Laws 1913, "The warrant must briefly recite the statutory grounds of the attachment, . . . and must be directed to the sheriff of any county in which property of such defendant may be and must require him to attach and safely keep all the property of such defendant within his county *not exempt from execution,* or so much thereof as may be sufficient to satisfy the plaintiff's demand with costs and disbursements. . . ."

Section 7545, Compiled Laws, 1913, relating to the execution of the warrant of attachment reads as follows: "The sheriff must immediately execute the warrant by levying upon so much of the personal and real property of the defendant within his county, *not exempt from execution,* as will satisfy the plaintiff's demand with the costs and disbursements. He must take into his custody all books of accounts, vouchers and other papers relating to the personal property attached, and all evidence of defendant's title to the real property attached, which he must safely keep to be disposed of as described in this article."

We find no other provision in the attachment law limiting the authority of the sheriff in levying an attachment upon the property of the defendant, except that property exempt from execution is not subject to attachment; and that is the only property free from attachment under the statute.

In the instant case the defendant being a nonresident of the state could not claim that the property was exempt from execution. It follows that the money in the hands of the sheriff was subject to attachment and the order granting defendant's motion for dissolving the attachment is reversed and the defendant is allowed thirty days to answer.

BURR, Ch. J., and NUESSLE, CHRISTIANSON and MOELLRING, JJ., concur.

BURKE, J. (On petition for rehearing.) Defendant and respondent has filed a petition for rehearing insisting that the court overlooked the question as to whether the property attached in the instant case was in custodia legis. The facts in the case show that it is not.

As a matter of course if the property is in the possession of the court awaiting the determination or decision of the court on the right thereto, it is then, as stated by Judge Wallin in the case of Woodhull v. Farmers' Trust Co. 11 N. D. 157, 90 N. W. 795, 95 Am. St. Rep. 712, "in the eye of the law, regarded as the possession of the court which appointed the receiver, and hence such property, being in custodia legis, cannot be seized by attachment or execution." Citing Beach, Receivers, 2d ed. § 718; Adams v. Haskell, 6 Cal. 114, 65 Am. Dec. 491; High, Receivers, § 151. See also Shinn, Attach. & Garnishment, § 505.

In the case of Boylan v. Hines (which is a garnishment action) 62 W. Va. 486, 59 S. E. 503, 13 L.R.A.(N.S.) at page 761, 125 Am. St. Rep. 983, the West Virginia court said: "The reason for such rule is founded and clearly known. The due and orderly administration of the law is not to be interfered with by such process. But 'the reason of the law is the life of the law,' and, when the reason for a rule ceases, so does the rule. Does an officer hold money in his official capacity after he has been directed by the court, whose instrument he is, to pay the same to the party to whom it belongs? Is not his legal custody, and through him the custody of the law, then at an end? After such direction of the court, and before his payment pursuant thereto, to whom is his liability? The custody then rightfully belongs to the owner. The officer thereafter holds the money for him, not for the law, because the law has done with it and fulfilled its administration."

Citing Wade on Attachment, § 424, as follows: "The authorities seem to concur in holding receivers and similar officers liable to garnishment, when they have in their hands a definite sum to which the defendant or the judgment debtor is clearly entitled, and the officer has nothing more to do with the fund than to pay it over."

Mr. Shinn at § 506 announces the same rule in the following language: "When the purpose of the legal custody has been accomplished, and the only duty of the officer is to pay the money to the principal defendant in garnishment, the officer may then be held as garnishee." He also says: "Money in the hands of a clerk of court, which has been ordered to be paid, may be secured by process of garnishment served upon the clerk. . . . Official duty ceases when the court directs the officer to pay over the fund. After the confirmation of a sale by a commissioner, and an order of distribution of the purchase money of the land sold, such commissioner may be held as garnishee."

The record does not show that the property or money is in court for administration but on the contrary it shows that the money is due and owing to Elick Larson, the holder of a certificate of sale of certain property, the money being paid to the sheriff as provided by law for the redemption from the certificate of sale. When the redemption money was paid to the sheriff the only duty of the sheriff was to pay the money to the holder of the certificate and the money was subject to attachment.

Rehearing denied.

Burr, Ch. J., and Nuessle, Moellring and Christianson, JJ., concur.