**Ruth J. PEARCE, Plaintiff in Error,**

v.

**L. E. PLUMER, Administrator of the Estate of H. A. Johnson, Deceased, Defendant in Error.**

No. 36504.

Supreme Court of Oklahoma.

Nov. 15, 1955.

Rehearing Denied Jan. 24, 1956.

Henry S. Johnston, Perry, George Miller, Sr., Oklahoma City, for plaintiff in error.

O. J. Roberts, Oklahoma City, for defendant in error.

PER CURIAM.

The plaintiff in error, Ruth J. Pearce, appeals from the action of the trial court in overruling her objection to the confirmation of a sheriff's sale of her property in satisfaction of a levy of execution. The substance of the objection is that the property levied upon was in custodia legis and therefore not subject to levy. The facts are not in dispute. On the hearing for confirmation, the trial court found: "That

Case No. 118,524 (a companion suit to this one in which the execution was issued), filed in this court was a case to try title to the real estate levied on by the Sheriff of Oklahoma County in this cause, wherein L. E. Plumer, Administrator of the Estate of H. A. Johnson, deceased, was plaintiff with others, and Ruth J. Pearce and others were defendants; that at the commence- of Case No. 118,524, by agreement of the parties, Ira J. Baird was appointed receiver of the land in controversy for the purpose of renting and collecting the rents from said land during the pendency of said cause No. 118,524; that * * * judgment was rendered for the defendant* * * *; that immediately upon affirmance of said cause, the said defendant took full possession of the land in controversy, rented the said land to tenants of her own choosing, and has received all rents from said land di- rectly since said date; that while the re- ceiver appointed in cause No. 118,524 had not been formally discharged as such re- ceiver (at the time the execution was lev- ied) the said defendant, Ruth J. Pearce, was in actual possession and control of the land in controversy at the date of the issuance of the execution herein, and the said re- ceiver having been fully and formally dis- charged as such receiver (at the time of the hearing for confirmation of the sale), there are no equitable considerations in favor of the objections of the defendant to the con- firmation to be made." The only contro- versy in the case to try title was the owner- ship of the property as between the same parties to this appeal. Both actions were in the District Court of Oklahoma County. The execution was issued and levy made in September, 1953. The sale thereunder was held on November 3, 1953. The receiver was discharged November 23, 1953, and the sale was confirmed on December 4, 1953.

█ As a general proposition, property in the hands of the court by its officers is not subject to be taken on levy of execution, attachment, garnishment, or in any other manner, without permission of the court. But some difficulty may be experienced in determining when property is within the custody of the law so as to be shielded by this rule.

The object of appointing a receiver is to preserve the property for the benefit of all parties interested, and, as he is an indiffer- ent person appointed to receiver and pre- serve the property, such property in the hands of the receiver is not subject to sei- zure under writs of execution without leave of the court until a final decree is entered in the cause. This is so because the whole purpose of the suit might be defeated if an officer could wrest the property from the agent of the court. In addition, the rule avoids unseemly contests between different courts of coordinate jurisdiction. As was stated in Wiswall v. Sampson, 14 How. 52, 12 L.Ed. 322, a leading case on the subject, "while the estate is in the custody of the court, as a fund *to abide the result* of a suit pending, no sale of the property can take place on execution or otherwise with- out leave of the court for that purpose." The rule is one for the protection of the decision to be made in the court first ac- quiring jurisdiction of the property. And ordinarily, any rights or equities should be asserted in that court. However, when the integrity of that decision is assured, the reason for the rule no longer exists. It has been pointed out that "There is, therefore, no real basis for the argument that the de- cision in Wiswall v. Sampson determined the law to be that all sales made, even upon abundant paramount legal right, of proper- ty at the time being under the temporary control of a general receiver, are void or even voidable, if made without leave of court." McKnight v. Brozich, 164 Minn. 90, 204 N.W. 917, 919, 43 A.L.R. 1352.

In the instant case, the property was giv- en to the custody of the receiver to hold pending the determination of the rightful owner. There were no creditors to be paid, and the person determined to be the owner was entitled to the property from the re- ceiver. Upon the final decision by this court affirming the judgment of the trial court and that mandate being spread of record in the lower court, the case was con- cluded insofar as the right of the plaintiff in error to the property was involved. The only thing remaining to be done was the ad- justment of the account of the receiver. Defendant in error had no concern with

this account. The plaintiff in error recognized that the case was concluded by taking physical possession of the property by ousting the receiver as soon as our decision on appeal was rendered and without permission of the court appointing the receiver. The technical receivership was permitted to continue because plaintiff in error failed to demand an accounting and the discharge of the receiver. This court, in Brett v. Fielder, 136 Okl. 222, 277 P. 216, 219, said:

"It is true that when a court of equity has taken property into its possession by the appointment of a receiver for the purpose of preserving the property for those who have a right to proceed against it for debts, the property will be regarded as in custodia legis, and not subject to seizure and sale in another action. To permit property that is so held to be levied upon and sold under execution would defeat a well-recognized power and jurisdiction of a court of equity in such cases. However, in the case at bar there was no conflict of judicial authority. The levy and sale did not interfere with the judicial powers attempted to be exercised in the case of Smith v. Whitmore, and in no wise tended to defeat the purpose of the appointment of McCollom."

Those persuasive circumstances also exist in this case.

■ Here, the title to real estate was questioned; a receiver was appointed pending a final determination; the title was determined to be in plaintiff in error by a final decree; plaintiff in error took possession of the property; over four months later, although the receiver had not been formally discharged, the levy of execution was made. The due and orderly administration of the law is not to be interfered with by such process. But the reason of the law is its life. When the rule ceases to have reason it is unpersuasive and no longer applies. Where the receiver has not been formally discharged but where the purpose for which he was appointed has ceased and the real property involved is no longer in his actual possession but has been taken from him by the judgment debt-

or, and where the only duty of the receiver is to render his account and be discharged, the real property belonging to the judgment debtor is no longer in custodia legis so as to be exempt from levy of execution. Allen v. Larson, 64 N.D. 727, 256 N.W. 178, 94 A.L.R. 1046.

The judgment is affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner NEASE and approved by Commissioners CRAWFORD and REED, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.