# CHARLESTON.

BREWER *v.* HUTTON *et al.*

Submitted February 2, 1898—Decided April 22, 1898.

1. ATTACHMENT—*Custodia Legis.*
   Property in *custodia legis* cannot be attached. (p. 115).

2. EXECUTORS.—*Garnishment.*
   Neither an administrator nor a debtor of the estate can be garnisheed, because it disturbs the proper administration of the estate. (p. 115).

3. Executors—*Quasi Officers—Custodia Legis.*

Money, credits, and property are in the custody of the law when held by executors, administrators, guardians and like *quasi* officers in their representative and administrative capacity (p. 115).

4. Executors— *Sheriff—Sheriff and Executor.*

When the administration of an estate has been legally cast upon a sheriff, "he is thence forward entitled to all the rights, and bound to perform all the duties of such administration," which include as well all legal and equitable defenses to all actions and suits brought against the estate as to prosecute all proper actions and suits for the collection of claims and demands due the estate. (p. 115).

5. Executors—*Devastavit- -Liability of Participants.*

Whenever an executor or administrator violates his trust, and another person takes advantage of the *devastavit,* knowing that the personal representative is not proceeding according to the requirements of the law or the terms of the will under which he was appointed, such complicity will authorize those interested in the estate to hold such third party liable. (p. 117).

6. Garnishment—*Attaching Creditor.*

Voluntary payment to the attaching creditor will not screen the garnishee from his debt to his own creditor. (p. 117).

Appeal from Circuit Court, Randolph County.

Suit by Enoch Brewer against Warwick Hutton, administrator, and others for a settlement of the accounts and distribution of the estate. There was a decree against plaintiff, and he appeals.

*Reversed, with instructions. .*

Geo. W. Lewis, for appellant.

Butcher & Harding, for appellees.

McWhorter, Judge:

Joseph S. Brewer, a resident of Green County, Pa., died insolvent, was the owner of a tract of land in Randolph County, which just prior to his death he sold to Omar Conrad for the sum of six hundred dollars. After the death of Brewer, his executors collected two hundred dollars of the purchase money, and took two notes of said Conrad of two hundred dollars each, payable, respectively, on the 1st day of January, 1892, and 1st day of January, 1893, with interest from the 19th of April, 1891, and con-

veyed said tract of land to said Conrad.  These two notes, amounting together to four hundred dollars, constituted all the assets of Brewer in Randolph County, of this State. E. M. Everly, one of the creditors of said estate, living in Pennsylvania, assigned his claim to Imri Hunt, then living in Randolph County.  Hunt caused the administration of the estate by the county court of Randolph County to be cast upon the sheriff thereof, Warwick Hutton, and at the same time instituted his action at law against Hutton as such administrator, and sued out an attachment summoning Omar Conrad as garnishee.  Conrad answered that he owed the four hundred dollars and interest to the estate of Brewer, and would be very glad to pay it if he could be thereby relieved from paying interest.  In January, 1892, judgment was rendered in favor of the plaintiff in said action, and an order made directing Conrad to pay the money, which amounted then to four hundred and eighteen dollars and sixty cents, to Hunt, the plaintiff in the action, which order was not entered, however, until July 8, 1892, when it was entered *nunc pro tunc*.  At the April rules, 1894, Enoch Brewer filed his bill in equity in the Circuit court of Randolph County against said Warwick Hutton, administrator with the will annexed of said Joseph S. Brewer, alleging that he is one of the creditors of the estate of said Joseph S. Brewer, who died on the 16th of June, 1891, leaving indebtedness largely in excess of the value of his entire estate, both real and personal; that he left a will, which was duly probated in said Green County; that the executors thereof were appointed and qualified, and took charge of and distributed the estate of the decedent in said state of Pennsylvania; that a copy of the will was admitted to record in the county court clerk's office of Randolph County; that said executors never qualified in said county; alleging the sale of the tract of land by Brewer, in his lifetime, to Omar Conrad for six hundred dollars, and that the said Pennsylvania executors carried out the contract to the extent of receiving one-third of the purchase money and taking two bonds of two hundred dollars each for the residue; alleging that on the 30th of January, 1892, by order of the county court of Randolph County, the estate was committed to the hands of defen-

dant Hutton, then sheriff, and that said Hutton had collected both of said bonds, with the interest; alleging that the estate was due to the plaintiff the sum of seven hundred and forty-one dollars and forty-three cents, with interest and costs, in the form of a judgment recovered in Pennsylvania, and exhibited a copy thereof; alleging that Hutton had never settled his accounts as such administrator, had made no effort to convene the creditors of the estate, and had not made the lawful and proper distribution of the funds derived by him from the administration of the said estate; and prayed that the said Hutton be required to settle his accounts as such administrator, and the creditors be convened, and the proceeds of the estate distributed properly among the creditors of the estate.

On the 5th day of May, 1894, plaintiff had the cause remanded to rules, with leave to file an amended bill, making Imri Hunt, Enoch M. Everly, and Omar Conrad parties, and on the 25th of July, 1894, he filed said amended bill, making said new parties, alleging, in addition to the allegations of the original bill, that said Everly finding that the estate of Joseph S. Brewer was wholly insufficient to pay the debts against the same, and knowing of his owning property in Randolph County, came to Randolph, and, after investigation, apparently thinking the chance well-nigh hopeless, assigned his claim without valuable consideration except some verbal agreement as to sharing the proceeds, should anything be realized, to the defendant Imri Hunt, a former neighbor of Everly's, but then living in the town of Elkins, when said Hunt, knowing of these two purchase bonds owing by Conrad, had the estate cast upon Sheriff Hutton, and then brought his action as before stated; that the answer of Conrad as garnishee was ordered to be filed with the papers, and an order made requiring him to pay the money to Everly for the use of Hunt, which then amounted to four hundred and eighteen dollars and sixty cents, the sum to be applied as a credit upon his (said Everly's) judgment obtained in that action, which said judgment was rendered on the 26th of January, 1892, for the sum of six hundred and sixty-three dollars and sixty-seven cents, with interest and costs; that said Conrad paid over the said sum—four hundred and eighteen

dollars and sixty cents—several months before the said order directing him to pay the same was actually entered, or directed by the court to be entered, or was, in legal effect, made by the court; that no attachment bond was ever given by or required of the plaintiff in said action before attaching the said fund in said Conrad's hands; that said Hutton never appeared or made any defense whatever, either in person or by counsel, to said action, as the records expressly declare; that after the payment of the money by Conrad, Hutton executed to him a deed of conveyance for said tract of land, neither of which deeds had been recorded by said Conrad, and therefore could not be exhibited; and alleging that there were several other creditors of the estate in the State of Pennsylvania who were entitled to share in the fund derived from the sale of the tract of land sold to said Conrad; that said Hutton had never made any effort to convene the creditors of said Brewer in the manner required and provided by law, had never made any settlement of his account as administrator with the will annexed of said Brewer, and had not made the lawful and proper effort to collect, preserve, and protect the funds which ought to have been derived by him from the administration of said estate, and had not made the lawful and proper distribution of the funds which ought to have been derived by him from such administration; and alleging that the proceedings in the action of Everly for the use of Hunt against Hutton, administrator, were fatally irregular, and grossly in fraud of the rights of creditors of said decedent, and ought to be declared null and void in this case, and either the defendant Hutton, or the defendant Conrad, or the defendants Everly and Hunt ought to be decreed and held to be responsible for the restoration of the said sum of four hundred and eighteen dollars and sixty cents, with interest accrued and to accrue until so restored in the proper channel for distribution among the several creditors lawfully entitled thereto; and praying that such proceedings in said action of Everly for the use of Hunt against Hutton, administrator, be declared null and void, that defendant Hutton be required to make settlement of his accounts as such administrator with one of the commissioners, and in such settlement be

held personally responsible to said estate for said four hundred and eighteen dollars and sixty cents and interest from the date of the payment of the same by said Conrad, that the creditors of Brewer be convened, and the amounts and priorities of their several demands be ascertained in the manner provided by law, and said sum distributed among the plaintiff and other creditors entitled thereto, either under this court, or else that said fund be transmitted by order of this court to the Pennsylvania executors, or, in case the court should hold the proceedings in said action valid and lawful as to said Hutton, then said Conrad be ordered and required to pay the said fund to said Hutton for distribution among the creditors, or, in case the court should hold said proceedings had in said action to be valid as to Hutton and Conrad, that then defendants Everly and Hunt be ordered to refund said fund so derived by them from said action to said Hutton for distribution, etc.

The defendants appeared and demurred to the bill which was sustained and the bill dismissed as to defendant Conrad, and overruled as to Hutton, Everly and Hunt, and said defendants were ordered to answer within thirty days. Defendant Hutton filed his separate answer, admitting that he was appointed administrator of the estate of Brewer, and at the same time he was notified that the estate was committed to him as sheriff, to be administered, he was served with summons in the attachment or suggestion case mentioned in the bill, and attended court, and was at the hearing of said case at the January term, 1892, with counsel to assist him in guarding the interests of said estate; that he was present when said order was made directing the said funds to be paid by the said Conrad to the said E. M. Everly for the use of Hunt; that he did not know until some time afterwards that said order was not entered at the time, as he was in court when it was so ordered; that he never had control of said fund, or any part of it, but the court had by its process in said action taken charge thereof before he had notice that he was appointed as such administrator, or said estate was committed to him as sheriff; that said fund was collected and paid out under the direction of the circuit court of Randolph County,

under orders conclusive as to respondent unless he had appealed therefrom to the Supreme Court, which he was not advised it was proper for him to do, and for which purpose no funds whatever were in his hands; that at no time had any funds belonging to the said estate come into his hands, and, so far as he had been able to ascertain, no other fund than that due from Conrad, and paid by him to Everly under the order of the court, had ever been in said county; and denied every allegation in the bill not in accord with the facts stated by him, and especially denied that he had neglected his duty as such administrator, and that he had not appeared in said action. The defendant E. M. Everly answered the bill, denying that he had assigned his claim to Hunt without valuable consideration except some verbal agreement as to sharing proceeds should anything be realized thereon, but alleged that in the latter part of the year 1891 he assigned his claim to the said Hunt for a valuable consideration, and had no further interest in the said debt, and did not have at the time of the bringing of the action mentioned in plaintiff's bill; that it was brought for the use and benefit of Imri Hunt, who was the sole owner of said writing or bond obligatory, and who had received all the proceeds arising from the fund collected in the suit, and that he had no pecuniary interest in the result of the suit; and denied all allegations or insinuations of fraud or collusion to deprive the plaintiff or any other creditor from collecting any money that might be due from the estate of decedent. Imri Hunt also filed his separate answer denying that Everly assigned him his note or bill without valuable consideration except some verbal agreement as to sharing in the proceeds should anything be realized on said note or bond, but that he purchased said note from said Everly for a valuable consideration, for the reason that he believed at the time he purchased it that he could make out of the estate of Joseph Brewer the principal part of the money then due on it out of the assets known to him at the time to exist and be in the State of West Virginia, because he knew that Omar Conrad was indebted to the estate in the notes mentioned in the bill; that he was a resident of Randolph County, and owed the money for the land purchased by him from

Brewer in his lifetime; that there were no other debts in favor of parties residing in this State against the estate of Joseph S. Brewer, and he had the estate committed to Warwick Hutton, then sheriff, and brought his action of debt against the administrator, and caused an attachment to be issued and served upon Conrad requiring him to answer as in said bill alleged; and upon the answer of Conrad and proofs offered to the court in said action at law the court ascertained the amount of money due respondent, and gave judgment therefor against the administrator, Hutton, and ordered said Conrad to pay the money which he owed upon the notes to respondent to be credited upon his judgment, which had been done; averring that there was no other estate or property belonging to the estate of said Brewer within the State of West Virginia than the money mentioned due from Conrad; and averring that his proceedings were regular and lawful, and intended solely for the purpose of collecting the money due him, and that the proceedings taken were entirely free from the suspicion insinuated against him in said bill of trying to take advantage of plaintiff or any other creditor of Joseph S. Brewer; and denied the allegations or insinuations of fraud or collusion which might be inferred from the allegations in said bill. To this answer the plaintiff endorsed the following exception: "The plaintiff excepts to the foregoing answer, and objects to the same being filed, because the same constitutes no defense to the bill of the plaintiff."

On the 23d of October, 1895, the cause was heard upon the bill of the plaintiff and exhibits therewith, the separate answers of Warwick Hutton, Imri Hunt, and E. M. Everly to the bill of the plaintiff, and general replications thereto, and the court dismissed the bill, and awarded costs against the plaintiff, from which decree the plaintiff appealed, and assigned the following errors: "First. Because it was improper to dismiss said bill without having first required the said administrator to make settlement of his accounts as such. Second. Because the payment made by said Conrad before he was legally bound to make it, and to a person to whom he was not bound to pay, could afford him no protection against a proper demand made on behalf of the creditors of said estate. Third. Because

the judgment and proceedings in said action at law of Everly suing for the use of Hunt against said Hutton, administrator, was in legal effect a mere nullity, and could afford the defendant Hutton no protection against the petitioner's said bill, for the following reasons: (1) A fund in *custodia legis* is not subject to attachment. This rule covers a fund in the hands of a personal representative, including uncollected debts. (2) The proceedings under said attachment were grossly irregular, and strongly tainted with fraud, as appears from the surrounding circumstances."

Section 25, chapter 85, Code, fixes the dignity and priorities of debts and demands against the estates of decedents, and the following section provides: "No payment shall be made to creditors of any one class, until all those of the preceding class or classes shall be fully paid. But a personal representative who, after twelve months from his qualification, pays a debt of his decedent, shall not thereby be personally liable for any debt or demand against the decedent, of equal or superior dignity, whether it be of record or not, unless, before such payment, he shall have notice of such debt or demand;" and further provisions are contained in sections 29, 30, chapter 87, Code, relative to distribution and disbursement of estates. *Parker v. Donnally,* 4 W. Va. 648, Syl. point 1: "The personal representatives of a deceased debtor are not, as such, the debtors of the creditors of their testator or intestate, within the sense of the statute. They are not liable in the debt, but in the detinet only. The personal estate is in their hands to be administered according to law, and is not, therefore, the subject of garnishment by the creditors of the estate of the decedent." It seems to me, in the light of the statute fixing the priorities of debts and demands against and providing for the settlement of estates of decedents, and of the authorities touching the question, that no debtor of an estate can be attached or summoned as a garnishee. In *Thorn* v. *Woodruff,* 5 Ark. 55, the court says, "To subject executors or administrators to this process of garnishment might destroy the whole operation and intention of our law of administrations. We are, therefore, of opinion that an executor or

administrator as such is not subject to garnishment." In *Marvel* v. *Houston,* 2 Har. (Del.) 349, the court says: "The act of assembly settles the priority of payment of debts in the administration of assets, and it will not do to allow it to be disturbed in this way. By allowing the debtors of the estate to be garnished, the assets might be diverted from their lawful course of application. Thus funds applicable to judgment debts might be arrested and applied to simple contract debts. Neither an administrator therefor, nor a debtor of the estate, can be attached or summoned as a garnishee. This is the invariable decision." *Conway* v. *Armington*, 11 R. I., 116; *Waite* v. *Osborne*, 11 Me., 185; *Bivens* v. *Harper*, 59 Ill., 21; *Brooks* v. *Cook*, 8 Mass., 246. Drake, Attachm. § 251; "Property in *custodia legis* cannot be attached." Wap. Attachm. § 403: "Money, credits, and property are in the custody of the law, when held by executors, administrators, guardians, and like *quasi* officers in their representative and administrative capacity. They are accountable to courts for what they administer, and there is ordinarily the same reason that the law's custody of things and credits should not be disturbed in their hands as there is for non-disturbance in the hands of a sheriff or other officer." Under section 10, chapter 85, Code, the administration of the estate of Joseph S. Brewer was legally cast upon the defendant Hutton, as sheriff, and he was "thenceforward entitled to all the rights and bound to perform all the duties of such administrator," which included all legal and equitable defenses to actions and suits brought against the estate of his decedent, as well as to prosecute all proper actions and suits for the collection of claims due the estate. In his answer he says that at the same time he was notified that the administration of the estate was cast apon him he was served with summons in the action brought against him by Everly, use of Hunt; that he "attended court, and was at the hearing of said case at the January term of said court, 1892, with counsel to assist him in guarding the interest of said estate; that he was [present when said order was made directing the said funds to be paid by the said Conrad to the said E. M. Everly for the use of Hunt." He fails to allege that he entered any appearance in the case

by interposing any plea or objection, or that he did anything whatever to prevent the assets of the estate from being diverted from the proper channel of administration, and applied to the indebtedness of the estate as the law prescribes, but virtually admits that he stood by, and, without opposition, permitted one of the creditors of the estate to illegally seize and appropriate all the assets over which he had control to his individual claim, to the exclusion of all other creditors, who had equal rights with the creditor who thus got the benefit of all the assets. *Wheatley* v. *Martin's Adm'r*, 6 Leigh, 62; *Nelson's Adm'r* v. *Cornwell*, 11 Grat., 724, Syl. point 6; and in *Cookus* v. *Peyton's Ex'rs*, 1 Grat., 231, Syl. point 4: "An administrator, paying away the assets of the estate to distributees without notice of debts or liabilities of his intestate, must account to creditors for the amount so paid away, with interest." Section 5, chapter 87, Code, provides that, "If any fiduciary mentioned in this chapter, shall by his negligence or improper conduct, lose any debt or other money, he shall be charged with the principal of what is so lost, and interest thereon in like manner as if he had received such principal." It was clearly Hutton's duty to have defended said action and saved said money for the benefit of the estate, and to have administered the same as the law provides. On the contrary he admits to being present in court when the case was disposed of, and without objection allowed a judgment entered against him for the debt, and an order made directing the debtor of the estate to pay the money due from him to the administrator to the plaintiff in the action, who had summoned him as garnishee.

Appellant insists that Conrad is not protected by the order directing the payment to Hunt, because his obligation was to the Pennsylvania executors, and to them or to Hutton he was bound to make payment until the court, by its judgment, should intervene, and require him to pay it to some one else; that the order to pay it was not in fact entered until July 8, 1892, several months after Conrad had paid the money over to Hunt. "The payment must not have been voluntary. Any payment not made under execution will be regarded as voluntary, and therefore no protection to the garnishee, unless the law authorized the

court to require the garnishee to pay the money into court, when such a payment will be regarded as, in legal effect, the same as a payment under execution." Drake, Attachm. § 711. Although the bill does not exhibit the affidavit for attachment in the action at law, it does allege the contents of the affidavit, and the grounds stated therein upon which the attachment was sued out, and the fact that no attachment bond was given as required by the statute; yet there is no denial of any of those allegations by any of the defendants, and all of which defects in the action at law it was the duty of the defendant Hutton to have taken advantage of in said action; and for his own protection as garnishee in the attachment proceedings defendant Conrad should have availed himself of the defects in such proceedings. Wap. Attachm. §§ 926, 959, 963. The defendant Hunt, in his answer, says he purchased said note from Everly for a valuable consideration, for the reason that he believed at the time he purchased the same that he could make out of the estate of Joseph S. Brewer the principal part of the money then due thereon out of the assets known to him at the time to exist and be in the State of West Virginia, because he knew that one Omar Conrad was indebted to the said estate upon the notes mentioned in said bill, and that he was a resident of the county of Randolph, in said state, and owed the money for the land purchased by him from Brewer, and at once commenced the proceedings, and sued out his attachment, and had it served upon Conrad so as to secure the fund in his hands, evidently intending thereby to get the advantage of all other creditors of said Brewer, the record showing that he must have been pretty well acquainted with the condition of Brewers' estate in Pennsylvania: and justifies this harsh remedy by the fact that there were no other debts in favor of parties residing in this State against said estate, and that his was the only one, and that there was no other property or estate belonging to said Brewer in this State. Schouler, in his work on Executors and Administrators (section 394), says: "Whenever an executor or administrator violates his trust, and another person takes advantage of the devastavit knowing that the personal representative is not proceeding according to the

requirements of the law or the terms of the will under which he was appointed, such complicity will authorize those interested in the estate to hold such third party liable."

The demurrer as to defendant Conrad was improperly sustained for the reasons herein stated, but the bill should have been dismissed as to him at the hearing, as it is clearly shown that he paid the money with the knowledge, and at least the tacit consent, of the administrator, Hutton. The decree complained of is reversed, with costs against Hunt and Hutton, and the cause remanded for further proceedings to be had to recover from Hunt for the benefit of the estate the money so improperly received by him, and paid him by Conrad, and, in any event, to be charged to said Hutton as administrator, and to be administered in the manner provided by law, and a settlement of the administration accounts of defendant Warwick Hutton.

*Reversed.*