# CHARLESTON

## Boylan *v.* Hines.

Submitted September 7, 1907.    Decided November 12, 1907.

1. Garnishment—*Persons Subject—Special Commissioners.*

     Special commissioners who have in their hands an amount arising out of a chancery cause, belonging to a judgment debtor, and which amount by decree in such cause has been directed to be paid over to the said owner, are liable to garnishment thereof. (p. 488.)

Error to Circuit Court, Mineral County.

Action by Thomas Boylan against John Hines. Judgment for defendant, and plaintiff brings error.

*Reversed.*

Wm. MacDonald, for plaintiff in error.
Taylor Morrison, for defendant in error.

Robinson, Judge:

A single question is involved here, and presented by the record squarely. It is this: Are special commissioners in a chancery cause who have in their hands money arising out of said cause, belonging to a judgment debtor, and the amount of which by decree therein has been directed to be paid to the said owner, liable as garnishees of such judgment debtor upon proper suggestion proceedings in the premises?

Thomas Boylan had judgment before a justice of the peace of Mineral county against John Hines, on the 11th day of February, 1907, for the sum of $231.00, with interest thereon until paid, and the costs, a transcript of which judgment was filed in the clerk's office of the circuit court of said county, pursuant to section 118, of chapter 50,. of the Code, and execution was there issued. Suggestion proceedings thereupon were regularly institued in the circuit court of said county, and Taylor Morrison, F. C. Reynolds and William MacDonald, special commissioners in the chancery cause of Floyd Knight, administrator of James W. Tasker, deceased, against Sarah J. Tasker and others, were made garnishees. By decree in such chancery cause, in said cir-

cuit court, the said Hines was entitled to the sum of $175.00, in the hands of said special commissioners, and the same had been thereby directed to be paid him by them. This amount was admitted by said special commissioners, garnishees, to belong to him, and it was further admitted by them that they "were authorized and directed by said decree to pay out said money." Hines moved the court to quash the suggestion process upon the ground, as stated in the record, that special commissioners were not liable to such process. This motion was sustained, the suggestion quashed, and judgment given Hines against the plaintiff therein for costs. From this action of the circuit court, the plaintiff Boylan obtained this writ of error.

It is insisted that money so in the hands of special commissioners is in the custody of the law, and therefore not liable to be suggested. The rule that property in the custody of the law cannot be made the subject of attachment or garnishment is practically universal. *Brewer* v. *Hutton*, 45 W. Va. 106. "Any person deriving his authority to receive and hold money or property from the law and who is obliged to apply such money or property according to the rules of law, can not be held liable as a garnishee for such money or property while it is held by him under such authority. Consequently a public officer of any name or nature is beyond the reach of process of garnishment while he holds the funds or property in his official and public capacity, and is accountable to the public or an individual merely as an officer." Shinn on Attachment and Garnishment, section 505.

The reason for such rule is well founded and clearly known. The due and orderly administration of the law is not to be interfered with by such process. But, "the reason of the law is the life of the law," and when the reason for a rule ceases, so does the rule. Does an officer hold money in his official capacity after he has been directed by the court whose instrument he is to pay the same to the party to whom it belongs? Is not his legal custody, and through him the custody of the law, then at an end? After such direction of the court and before his payment pursuant thereto, to whom is his liability? The custody then rightfully belongs to the owner. The officer thereafter holds the

money for him, not for the law, because the law has done with it and fulfilled its administration.

Under our statute, section 10, chapter 141, of the Code, the suggestion is based on the lien of plaintiff's writ of *fieri facias*, and to support garnishment there must be liability upon the party suggested in favor of the judgment debtor. It will be readily conceded that such liability must be such as will support an action at law. *Swann, Admr.* v. *Summers*, 19 W. Va. 115. A special commissioner under our law and practice is of practically the same legal status as a receiver. *Blair* v. *Core*, 20 W. Va. 265. In *Crawford* v. *Fickey*, 41 W. Va. 544, this Court held that "an order that a receiver pay a fixed sum to a certain person is a personal judgment or decree against the receiver," and in *Rickard* v. *Schley*, 27 W. Va. 617, the same principle is enunciated. In this light, and upon sound reason, was not the order in said chancery cause directing payment to Hines by said special commissioners an end of the custody of the law of the money in their hands belonging to him, and did it not have the effect of casting a personal liability upon them in his favor for the amount so belonging to him? We so hold. Such being the case, the money is liable to garnishment.

And in support of this is the great weight of modern authority. In Wade on Attachment, section 424, it is stated: "The authorities seem to concur in holding receivers and similar officers liable to garnishment, when they have in their hands a definite sum to which the defendant or the judgment debtor is clearly entitled, and the officer has nothing more to do with the fund than to pay it over. Some of them may go beyond, but none, so far as they have been examined, fall short of this conclusion;" and a most extensive examination of the books leads us to an approval of the author's statement. The author in the same section tells us that it is held with considerable unanimity that when defendant has a right to a certain distributive share of the funds in the hands of a receiver, master in chancery or trustee of court, such officer may be garnisheed by a creditor of the party so entitled after the court has ordered it to be paid. Mr. Shinn, at section 506, announces the same in the following language: "When the purpose of the legal cus-

tody has been accomplished and the only duty of the officer is to pay the money to the principal defendant in garnishment, the officer may then be held as garnishee." He also says: "Money in the hands of a clerk of the court, which has been ordered to be paid, may be secured by process of garnishment served upon the clerk." And again he says: "Official duty ceases when the court directs the officer to pay over the fund. After the confirmation of a sale by a commissioner, and an order of distribution of the purchase money of the land sold, such commissioner may be held as garnishee."

It follows that the circuit court is in error in sustaining the motion to quash the suggestion, and such judgment of the circuit court is therefore reversed, with costs against the defendant in error, John Hines, upon whose motion the suggestion was quashed; and, this Court now proceeding to do what the circuit court should have done in the premises, it will be ordered that the said special commissioners, garnishees, pay the said sum in their hands belonging to the said judgment debtor to the plaintiff in furtherance of his right of garnishment thereof.

*Reversed.*