# CHARLESTON.

PERCY W. LEITER v. THE AMERICAN-LAFRANCE FIRE ENGINE COMPANY.

Submitted September 7, 1920.   Decided September 14, 1920.

1. GARNISHMENT—*Municipal Corporations Are Not Liable to Garnishee Process.*

    Municipal corporations are not liable to garnishee process, and this exemption from such process is not personal, but is upon grounds of public policy, and cannot be waived by such corporation.  (p. 602).

2. SAME—*Treasurer of Municipal Corporation Cannot be Made Garnishee Though Directed to Pay Certain Sum to Creditor.*

    In a suit by a third party against a creditor of a municipal corporation, the treasurer of such municipal corporation, in whose hands are the public funds, cannot be made a garnishee upon the ground that the municipal corporation has directed the payment of a certain sum to such creditor.  (p. 602).

3. CORPORATIONS—*Requisites of Service on Agent of Foreign Corporation, and of Return Thereon, Stated.*

Service of process against a foreign corporation doing business in this state, made as provided by § 35 of ch. 50 of the Code upon an agent of such corporation, must be had in the county in which such agent resides, and the return thereof must show this fact, as provided by § 38 of ch. 50. (p. 603).

4. SAME—*Service of Process on State Auditor May be Had Only When Corporation Authorized to do Business.*

Service of process against a foreign corporation may be had upon the auditor of the state only in case such foreign corporation has been authorized to do business in this state in accordance with the provisions of ch. 54 of the Code, and in such case the return to be valid must show this fact. (p. 605).

(WILLIAMS, PRESIDENT, absent.)

Case Certified from Circuit Court, Berkeley County.

Action of trespass on the case by Percy W. Leiter against the American-La France Fire Engine Company, with orders of attachment upon the City of Martinsburg and John T. Wolford, its Treasurer, as garnishees. Garnishee process quashed, motion to quash the returns of service on defendant company denied, and at the request of the parties such action was certified.

*Affirmed in part. Reversed in part.*

*Walker & Byrer,* for plaintiff.

*H. H. Emmert,* for defendant.

RITZ, JUDGE:

This action of trespass on the case to recover damages for personal injuries claimed to have been sustained by the plaintiff, because of the negligence of the defendant, was instituted in the circuit court of Berkeley county, returnable to November Rules, 1919. An affidavit was filed by the plaintiff at the time of the institution of the suit showing that the defendant was a nonresident corporation, created and existing under the laws of the State of New York, with its principal place of business at Elmira, New York, and an order of attachment was issued against the said defendant suggesting that the City of Martinsburg, a municipal corporation, was indebted to the defendant, or had funds or monies belonging to the defendant in its

possession. This order of attachment was executed upon the said City of Martinsburg as garnishee, and upon the special appearance of the defendant for the purpose, and only for the purpose, of moving to quash the said garnishee process against the said City of Martinsburg, the court quashed the same. Thereafter there was sued out a summons in the case directed to the sheriff of Berkeley county, which was subsequently returned by him with the following endorsement thereon: "Executed the within summons on the within named American La-France Fire Engine Company, on the 25th day of February, 1920 by delivering a copy thereof in Berkeley County, West Virginia, to H. R. Stephenson, an Agent of said Company then doing business for said Company in said County, neither its President or other chief officer, or any person appointed pursuant to law to accept service of process for it, nor the Secretary, Cashier, Treasurer, Member of the Board of trustees, Directors or Visitors of said Company or any other Officer thereof or any other person on whom there could be service thereof being found by me in the State. H. S. Miller Sheriff Berkeley County, West Va." About the same time there was also sued out a summons in said action directed to the sheriff of Kanawha county, who executed the same by serving it upon the Auditor, and made return thereof in the following form: "Executed the within summons upon the within named The American La-France Fire Engine Company, a foreign corporation, alleged to be doing business in the State of West Virginia, by delivering to J. S. Darst, Auditor of the State of West Virginia, at Charleston Kanawha County, a certfied copy thereof, on the 4th day of March 1920. S. B. Jarrett Sheriff Kanawha County, West Va. By J. H. Windell, Dpty."

Another order of attachment was likewise sued out, and upon a suggestion that John T. Wolford, Treasurer of the City of Martinsburg, a municipal corporation, was indebted to, or had monies or funds in his possession belonging to, the defendant, such process was executed upon him as garnishee. The defendant again appeared specially for the purpose, and for the purpose only, of moving to quash the returns of service made by the sheriff of Berkeley county, and by the sheriff of Kanawha county, as above indicated, and also to quash the garnishee pro-

cess against the treasurer of the city of Martinsburg. The circuit court quashed the garnishee process, but overruled the motion to quash the returns of service above mentioned, and upon the joint request of the parties his action in quashing the garnishee process against the City of Martinsburg, a municipal corporation, and against the treasurer of said City of Martinsburg, and in refusing to quash the returns of service made by the sheriffs of Berkeley and Kanawha counties, above indicated, is certified to this Court for its opinion thereon.

As to the propriety of the ruling in quashing the garnishee process against the City of Martinsburg, a municipal corporation, it would seem that there can be no doubt. In the case of *Welch Lumber Company* v. *Carter Bros. & Bird*, 78 W. Va. 11, it was held that municipal corporations, on principles of public policy, are not liable to garnishee process, and that such exemption from such process is not a personal privilege which may be waived.

Could the plaintiff make the treasurer of the City of Martinsburg a garnishee so as to reach funds in his hands owing by the city to the defendant? It is suggested by the plaintiff, and the answer of the garnishee shows this to be the fact, that the city council of the City of Martinsburg has directed the payment to the defendant of the sum of twenty-five hundred dollars on account of money due it by said city, but the treasurer still has that fund in his hands. The plaintiff insists that under the authority of the case of *Boylan* v. *Hines,* 62 W. Va. 486, the garnishee process against the treasurer should be sustained. It is held in that case that where a special commissioner had funds in his hands which the court, whose officer he was, directed him to pay to a particular party, the creditor of that party could garnishee the fund, and it is argued here that because the council of the town of Martinsburg has directed its treasurer to pay twenty-five hundred dollars to the defendant the plaintiff can garnishee that fund in the hands of the treasurer. Of course it is admitted that ordinarily public officers are no more the subject of garnishee process than public corporations, but it is attempted to avoid this rule by the answer of the garnishee that the fund has been directed to be paid by the council. The reason that public officers cannot be made the subject of garnishee

process is quite different from the reason existing for not permitting a fund in the custody of a court to be garnisheed.    In the case of a fund in the custody of a court, because of its jealousy of its jurisdiction, it will not allow another court to say what disposition should be made of that fund, or any part of it, and this principle of public policy militates against garnisheeing such fund, but when the court has exercised its jurisdiction by directing to whom the fund shall be paid, the rule of public policy is not violated by permitting such funds to be garnisheed by a creditor of the party to whom the court has directed their payment.    The reason, however, for declining to allow the funds in the hands of public officers or public corporations to be garnisheed is that it would subject these public officers and public corporations to annoyance from being brought into court in suits in which the public is in no wise interested, and further that it would have a tendency to deprive those who contract with the public of the means of performing their obligations.    It is considered to be against public policy to allow public officers to be made parties to suits in which the public has no interest, and unduly annoy them and interfere with them in the performance of their public duties, and also to permit one who contracts with the public to be deprived of the consideration for his contract even at the suit of one of his creditors, upon the theory that to do so would tend to prevent the proper performance of the public functions by those charged therewith.    It will thus be seen that the decision in the case of *Boylan* v. *Hines* is without application for the reason that the principles of public policy involved in the two instances are entirely different.    We are of opinion that the court properly sustained the motion to quash this garnishee process.

The defendant insists that the circuit court erred in overruling its motion to quash the return of service made by the sheriff of Berkeley county upon an agent of the defendant, for the reason that it does not show that such service was made in the county in which such agent at the time resided.    It is admitted by the plaintiff that prior to the enactment of the amendment of 1903 to § 34 of ch. 50 of the Code, this service would be bad, for the reason above stated, but he contends that since the amendement of that

section, and because of the decisions of this Court in the
cases of *Speidel Co. v. Warder, 56* W. Va. 602, and *Stout v. B.
B. Co.,* 64 W. Va. 502, the agent upon whom the service is had
need not be a resident of the county in which he is served.   The
service in this case was made under the provisions of chap. 50 of
the Code pertaining to service upon corporations which, by the
terms of § 6, ch. 41, are made applicable where service is to be
had upon a corporation.   An examination of these sections
shows that § 34 provides for service on a corporation by deliv-
ering process to certain officers or agents therein named.   While
this section does not expressly limit its application to domestic
corporations, it is necessarily so limited, because § 35 makes
provision for service upon a foreign corporation doing business
in the state.   Section 38 provides that when service is made
upon any person under any one of the last four sections, being
§§ 34, 35, 36 and 37, it shall be in the county in which such
agent of the corporation resides, and further provides that the
return must show this, otherwise it will be invalid.   Now the ar-
gument is that by reason of the amendment of 1903 to § 34 sec-
tion 38 was repealed, and this seems to be the holding of this
Court in the cases last above cited, so far as service under § 34
is concerned, but those cases do not hold that § 38 is repealed in
its application to §§ 35, 36 and 37.   Section 35 provides for
service upon foreign corporations doing business in the state,
and not § 34.   It will be observed by reading the Stout case,
above referred to, that in order to hold the service good the
court felt compelled to hold that the Baltimore & Ohio R. R.,
the defendant there, was a domestic corporation so as to make
§ 34 applicable to it, holding by implication at least that if the
defendant had been a foreign corporation the service of process
would have been bad.   No amendment has been made to § 35,
and there is no inconsistency in any of the provisions of § 35
and the provisions of § 38.   It is argued that by amend-
ing § 34 the legislature showed an intention to be more
liberal in allowing service of process upon corporations, but
we cannot say that by amending § 34 it intended to repeal
§ 38 in its application to §§ 35, 36 and 37.   There
may be many reasons for requiring that the agent of a foreign
corporation, upon whom service of process cannot be had, should

be one of more or less permanent character, having a residence in the state and in the county where he is served, rather than any agent who may be temporarily in the state for a purpose only incidentally connected with the business of the company. A domestic corporation, of course, is much more liable to have information conveyed to its managing officers of a suit brought against it when process is served upon its agents, who are in relatively close contact with the officers of the company in the same state, than is a foreign corporation whose agents have no close connection with the corporation, and only go into the state at infrequent intervals, and then perhaps on business unconnected with the particular matter in hand. At any rate whatever may have been the reason moving the legislature to make the amendment above indicated to § 34, no such amendment is made to § 35, and the provisions of § 38 are as applicable to that section now as they ever were. We are of opinion that where process is to be served upon a foreign corporation doing business in this state, by delivering the same to an agent, the provisions of § 38, requiring that such service shall be made within the county where the agent resides, and the return show this otherwise it will be invalid, apply. It follows from this that the motion to quash the return of service made by the sheriff of Berkeley county should have been sustained.

The remaining question is, was the service had upon the auditor of the state good? This service was made upon the auditor under the provision of § 24 a (1) of ch. 54 of the Code. The defendant contends that service upon the auditor is limited under the provisions of ch. 54 of the Code to such foreign corporations as are authorized to do business in this state under the provisions of that chapter. It will be found that its provisions require foreign corporations to file certain papers; that a list of such corporations be kept with their post office addresses; and that when such process is served upon the auditor he shall send the same to such corporations at the post office addresses furnished to him as aforesaid. Now, if this section contemplated that any foreign corporation that might come within the state and have a single transaction, or that might be doing business in the state without having been admitted regularly for that purpose under the provisions of ch. 54, could be served with

process by delivering the same to the auditor, how could the auditor perform the function required of him? He would not know where to send the ·process. He would not know the post office address of the corporation, and the result would likely. be that it would have a personal judgment taken against it without even ever having knowledge that a suit had been brought. It ·must be borne in mind that a foreign ·corporation can be sued in this state in any county in which it has property, or in which it does business, or in which the cause of action arose, provided always that proper service of process can be had. Many foreign corporations, it will be observed, are thus liable to be sued in this state, which it is not contemplated shall comply with the provisions of § 54 of the Code, and if process against them may be served upon the auditor, then the result ·above indicated as to lack of notice of a suit until after judgment is liable to obtain. Manifestly the legislature never intended such a result as this. When we read all of the pertinent provisions of § 54 together, we think it is quite clear that the purpose there is to make the auditor the proper person upon whom service of process may be had against any foreign corporation which complies with the provisions of that chapter. The return of service upon the auditor does not show that the defendant is such a corporation, and in the absence of such a showing the return is bad.

We are of opinion, therefore, that the circuit court was right in quashing the garnishee process against the City of Martinsburg and the treasurer thereof, but that his judgment in overruling the motion to quash the returns of service made by the sheriffs of Berkeley and Kanawha counties was wrong, and we answer the questions certified accordingly.

*Affirmed in part.     Reversed in part.*