# CHARLESTON.

STATE *ex rel.* COUNTY COURT OF MCDOWELL COUNTY *v.*
J. WATSON WHYTE, ADMINISTRATOR, *etc., et al.*

(No. 5725)

Submitted February 8, 1927.   Decided February 15, 1927.

GARNISHMENT—*Property in Hands of Personal Representative of
Decedent is Not Subject to Garnishment by Estate's
Creditors.*

> Property in the hands of the personal representative of a
> decedent is not subject to garnishment by the creditors of the
> estate.
>
> (Garnishment, 28 C. J. § 167.)
>
> (NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not
> . part of syllabi.)

Error to Circuit Court, McDowell County.

Action by the State, on the relation of the County Court
of McDowell County, against J. Watson Whyte, administra-
tor of the estate of W. W. Whyte, deceased, and others, in
which the Merchants' & Miners' Bank of Welch was gar-
nisheed.  Judgment against the garnishee in favor of plain-
tiff, and the administrator brings error.

*Reversed and dismissed.*

*J. N. Harman, Jr.,* for plaintiff in error.
*G. L. Counts* and *Joseph M. Crockett,* for defendant in
error.

LITZ, JUDGE:

The McDowell County Court, suing in the name of the
State, recovered judgment October 5, 1925, in the sum of
$3418.00 against the defendants, J. Watson Whyte, admin-
istrator of the estate of W. W. Whyte, deceased, F. M. Stew-
art and W. J. McClaren, sureties on the official bond of said
W. W. Whyte as clerk of said court, for State and county
funds received and unaccounted for by said Whyte, as such
clerk. On the same date the county court of McDowell county

entered an order directing the McDowell County National Bank, of Welch, to pay to William J. O'Toole, clerk of said court, $990.49, on deposit in said bank at the credit of said W. W. Whyte, clerk; directing also the said William J. O'Toole, clerk, to pay $596.00 of said amount to the State "for credit to the State Game and Fish Commission, and $330.00 thereof to the State for credit to Marriage License Fees", and the balance thereof amounting to $64.49, to the sheriff of the county, to be credited as a miscellaneous item in the General County Fund; and directing further that the said sum of $990.49 be applied as a credit on said judgment. The amount directed to be paid to the State, according to the testimony of G. L. Counts, prosecuting attorney of McDowell county, represented that portion of the judgment going to the State.

An execution having been issued on said judgment for the unpaid balance, the Merchants & Miners Bank of Welch was suggested as having in its possession funds belonging to the estate of W. W. Whyte, deceased. At the hearing of the garnishment proceeding the bank answered that it held the sum of $7,971.77 belonging to the estate.

The administrator appeared and moved to quash the order of suggestion and dismiss the proceeding, and also objected and excepted to the examination of the garnishee, all of which the court overruled and entered judgment against the garnishee in favor of the plaintiff, directing the garnishee to pay to the plaintiff the residue of said judgment with interest and costs. From the testimony of the administrator it appears that the personal assets amount to only $8,000 or $9,000, while debts of the estate aggregate more than $30,000. His counsel also stated in open court that a suit in chancery brought by the administrator was pending in said court for the purpose of administering the assets of the estate. The issue presented in the argument of counsel is whether or not the county is a preferred creditor of the estate, upon the theory, advanced by the plaintiff, that the county monies appropriated by W. W. Whyte being trust funds, may be recovered in full from the assets in the hands of the administrator.

We cannot, however, consider the merits of the controversy. Property in the hands of the personal representative of a decedent is not subject to garnishment by the creditors of the estate. "The personal representatives of the deceased debtor are not, as such, the debtors of the creditors of their testator or intestate, within the sense of the statute. They are not liable in the *debit,* but in the *detinet* only. The personal estate is in their hands to be administered according to law, and is not, therefore, the subject of garnishment by the creditors of the estate of the decedent." *Parker* v. *Donnally,* 4 W. Va. 648.

"Neither an administrator nor a debtor of an estate can be garnisheed, because it disturbs the proper administrator of the estate." *Brewer* v. *Hutton,* 45 W. Va. 106, 30 S. E. 81, 72 A. S. R. 804; *Boylan* v. *Hines,* 62 W. Va. 486.

"The remedy of a creditor by attachment being obviously inconsistent with the usual administration of the assets of an estate, it is not, in the absence of express statutory authorization, available against an executor or administrator with respect to a demand against the estate of the decedent." 6 C. J. 41.

The motion of the defendant J. Watson Whyte, administrator, to quash the order of suggestion and dismiss the proceeding will be sustained.

*Reversed and dismissed.*