W. M. Drainer *et al. v.* W. L. Travis, *Executor, etc.*

(No. 8134)

Submitted May 8, 1935. Decided June 8, 1935.

*Thomas J. Davis* and *P. D. Farr,* for appellants.

*Clyde C. Ware* and *Clay D. Hammond,* for appellees W. M. Drainer and others.

*S. A. Powell,* for appellees G. H. and J. Frank Trainer.

KENNA, JUDGE:

This is a suit in chancery brought in the circuit court of Doddridge County by W. M. Drainer, Okey Clark, Ruby Sadler, Nellie Furbee, Noble Spencer and Lula Davis against W. L. Travis, executor of G. B. Travis estate. The bill of complaint alleges that the plaintiffs on certain days obtained certain several judgments against the defendant, W. L. Travis, executor of the estate of G. B. Travis, deceased; that executions were issued upon those judgments and were duly docketed; that the liens of the executions attached to a certain leasehold estate for oil and gas purposes, the lessee's or operating interest under which is owned by W. L. Travis, executor of the estate of G. B. Travis, deceased, in a certain tract of 114 acres upon which a producing gas well had been drilled during the lifetime of G. B. Travis, who was the lessee. The bill of complaint seeks to subject the leasehold estate, as personal property, to the liens of the several executions in the manner provided by statute, Code, 38-5-20, for subjecting non-leviable personal property. Upon bill taken for confessed and without an order of reference, the decree of sale was entered and sale and report of sale followed. On November 28, 1934, Robert Levi Travis, Olia Gladys Travis Eavy, Claud Oria Travis, in his own right, and Olive Virginia Travis and John Clyde Travis, infants, by Claud Oria Travis, guardian, before confirmation of sale, filed their intervening petition in which they alleged that they are the children, devisees, heirs-at-law and legatees of G. B. Travis, deceased, and of Laura Bell Delong Travis, deceased, his wife; the petition sets up the provisions of the will of G. B. Travis, alleges that the interest sought to be sold is to be treated as real estate, takes the position that the judgments and executions obtained by the plaintiffs against the personal representative are not binding liens upon the real estate of the decedent, and because they, the petitioners, were not made parties to the suits before the justice of the peace, asserts that the judgments therein rendered are null and void as to the interests in the property of petitioners sought to be subjected to the liens. The petition contains a general attack upon the judgments

rendered against the personal representative as being void, and among its allegations is the charge that the personal representative has had ample funds with which to discharge and pay off the obligations of the estate, and that by reason of his failure to do so, the remedy of the plaintiffs is against the personal representative and his bondsmen.

The petition takes the position that the interest of the lessee under an oil and gas lease is to be treated as real estate, and that therefore the judgments rendered after the testator's death are not liens binding upon their interests therein. On the other hand, the bill of complaint seems to take the position that the lessee's interest under a producing oil and gas lease is personalty, and as such, is subject to the liens of their executions and may be proceeded against as non-leviable personalty by a suit in chancery.

The trial chancellor entered a decree dismissing the intervening petition and confirming the sale. It is from that decree that this appeal is prosecuted.

An oil and gas leasehold, limited to a term of years and so long thereafter as oil or gas shall be produced from the premises, even after production, is, in West Virginia, a chattel real, and as such, is regarded for the purposes of taxation, not as real estate, but as personal property. It would follow that the interest is to be so treated for the purpose of subjecting it to the lien of an execution and that in this respect, there was no error in the decree of the circuit court of Doddridge County. *State* v. *South Penn Oil Co.*, 42 W. Va. 80, 24 S. E. 688; *Toothman* v. *Courtney*, 62 W. Va. 167, 58 S. E. 915. A helpful article on this question is to be found in 31 Harvard Law Review, 882.

But it seems to us that the basic question that must be decided upon the showing here made by the bill of complaint and by the intervening petition is whether or not effect may be given to the plaintiffs' judgments and executions as constituting liens upon the unadministered personal assets in the hands of the executor. It does not appear that the claims upon which the judgments were based either arose before the death of the testator or that they represented debts contracted by the executor under a power conferred by the will. It is

true that the will is exhibited, but the powers of the executor to incur indebtedness under its terms are restricted to certain named purposes. This throws serious doubt upon the question whether the judgments were in fact based upon valid claims against the estate. *Thompson* v. *Mann,* 65 W. Va. 648, 651, 64 S. E. 920, 22 L. R. A. (N. S.) 1094, 131 Am. St. Rep. 987. The executions were not issued *de bonis testatoris* nor against the personal representative as such. The words ''executor of G. B. Travis estate,'' without more, are merely descriptive of the person of the defendant. *Hanson* v. *Blake, Adm'r.,* 63 W. Va. 560, 562, 60 S. E. 589. The judgments are set up simply as being judgments against the personal representative, and, for the purposes of this suit, we must regard them as being subject to the ordinary rules governing judgments against executors or administrators.

Priorities of debts against the estate of a decedent are settled by statute, and are to be fixed in accordance with the facts as they existed at the time of decedent's death. Code, 44-2-21. No preference as between the common creditors of a decedent can be gained by proceeding after the decedent's death by garnishment or other like proceedings. *Parker et al.* v. *Donnally,* 4 W. Va. 648; *Brewer* v. *Hutton,* 45 W. Va. 106, 30 S. E. 81, 72 Am. St. Rep. 804; *State* v. *Whyte,* 103 W. Va. 200, 136 S. E. 860. Chapter 44, Code, provides for the orderly administration of estates, the proper and orderly manner of proving claims and of having them allowed, and the method and manner of paying debts and distributing the estate. The policy of the law in protecting estates of decedents from being dissipated by a disorderly and unseemly scramble for preferences need not be explained nor elaborated upon. It is true that a personal representative may be sued, but a judgment obtained against an administrator or executor has no effect as a charge upon the land of the decedent. *Laidley* v. *Kline,* 8 W. Va. 218. The decision of the case just cited rested upon the question of privity, and does not concern the rule as it affects personal assets. However, the policy of the law is to protect the entire estate and to safeguard its orderly and economic administration. A judgment on an unliquidated claim against the personal representative

on a right of action existing against his decedent serves merely to liquidate the claim, and has no effect in creating a preference or a lien.

The will of Travis directs that his personal property be not sold, but provides that his personal representative take steps to conduct his business on a paying basis. If the showing made by the bill of complaint were that the judgments against the executor were based upon claims that arose from the operation of the property after the death of Travis and under express authority conferred upon the executor by the will, a different situation might exist. But there is no such showing in the bill of complaint, and the intervening petition denies that the judgments were based upon any valid claims against the estate and calls for discovery from the plaintiffs as to what period and for what purposes, the debts represented by the judgments were contracted.

There is a great deal of confusion in this record concerning questions that might throw light upon the matter in controversy and might be of material assistance in the proper disposition of the case here. G. B. Travis died in 1927. These judgments were obtained in 1933. The status of the estate with respect to partial or final settlement is not shown and, as we have already stated, the nature of the claims upon which the judgments giving rise to the executions attempted to be enforced, is not stated. Under these circumstances, we can regard the judgments only as judgments rendered against the personal representative as a means of liquidating claims against the estate arising during the lifetime of the deceased, or as personal judgments against the executor only. As such, we are of opinion that the executions did not serve to create liens against the personal property in the hands of the executor to be administered. This being so, it follows that the bill of complaint which sought to enforce the liens of these executions should not have been entertained, the sale of the leasehold estate should not have been decreed, and the intervening petition should not have been dismissed. Owing, however, to the unsatisfactory condition of this record, and to the fact that the issues may not have been fully developed in the trial court, we are not of opinion to dispose of the case by final decree in this court, but have concluded that the

interests of substantial justice in the premises will be best served by reversing the decree complained of and remanding the cause for further proceedings with permission to both parties to amend their pleadings, if they be so advised, in accordance with the principles herein discussed. *William C. Atwater & Co.* v. *Fall River Pocahontas Collieries Co.*, 115 W. Va. 745, 178 S. E. 73, Pt. 1, Syl.

*Reversed and remanded.*